# JULIA C. SCHIMP

### *v.*

# THE CEDAR RAPIDS INSURANCE COMPANY.

*Filed at Springfield March 28, 1888.*

1. INSURANCE—*premium note—when payable—a condition in such a note construed.* A promissory note for a part of a premium of insurance, payable nearly a year after date, provided that in case of a loss under the policy it should become due and ·payable on the date of such loss: *Held,* that if a loss occurred for which the company was liable, the note was to become due on the date of such loss.

2. SAME—*waiving a right of forfeiture—accepting a maturing premium.* Where a party insured has been guilty of some breach or breaches of the conditions of his policy, and the insurer, with full knowledge thereof, during the pendency of the risk, accepts a maturing premium, or does any other act recognizing the continued existence and validity of the policy, such acceptance or other act will operate as a waiver of the right of forfeiture occasioned by such breaches, unless something appears to show it was not intended to have that effect, and the assured so understood it.

3. But upon the delivery of a policy of insurance and commencement of the risk, an insurance company acquires a present vested right in the premium as an entirety, and a loss and termination of the risk before payment of a part of the premium, upon which credit was given, will not deprive the company of the right to receive the unpaid premium.

4. In this case, a person in obtaining insurance against loss by fire gave his promissory note for a part of the premium, payable about one year after its date, with a clause therein making the same fall due sooner in case of a loss. A loss occurred, and at the time of the loss the company had a complete defence to any suit on the policy, based on a breach of the conditions of insurance. After suit brought on the policy, the insured paid the insurance company the premium note: *Held,* that the company, by receiving payment of the note on the balance of·the premium, did not, in any way or manner, abandon or waive its defence to the action.

5. SAME—*right of forfeiture—when and how asserted.* An insurer is not required to formally declare a forfeiture of a policy of insurance upon the breach of a condition therein contained, but it will be sufficient to set up such breach in defence when sued for the loss.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. WOLFE, for the appellant:

By accepting payment of the premium note after the grounds of forfeiture were known to the company, it waived its right to insist on the forfeiture. *Insurance Co.* v. *Spankneble,* 52 Ill. 57; 16 Bradw. 528; *Mershon* v. *Insurance Co.* 34 Iowa, 87; *Walt* v. *Insurance Co.* 19 Barb. 440; 2 Wood on Insurance, 1163, note 2; *Webster* v. *Insurance Co.* 36 Wis. 67; *Insurance Co.* v. *Insurance Co.* 20 Barb. 468.

Messrs. GERE & PHILBRICK, and Mr. C. J. DEACON, for the appellee:

The acceptance of the premium money, secured by note, was not a waiver of the defence, which was already a perfect one. It could not mislead the assured or change her conduct. *Insurance Co.* v. *Amerman,* 119 Ill. 329; May on Insurance, 507; *Davidson* v. *Young,* 38 Ill. 152; *Flower* v. *Elwood,* 66 id. 447; *Powell* v. *Rogers,* 105 id. 318; *Insurance Co.* v. *Paul,* 10 Bradw. 440; *Insurance Co.* v. *Schimp,* 16 Bradw. 264; *Insurance Co.* v. *Reddin,* 120 U. S. 183; *Smith* v. *Insurance Co.* 64 Iowa, 728; *Beatty* v. *Insurance Co.* 68 Pa. St. 9; Flanders on Insurance, 593, note.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was an action of assumpsit, brought by the appellant, Julia C. Schimp, in the Champaign circuit court, against the Cedar Rapids Insurance Company, to recover a loss by fire, under a policy issued to her by the company, June 16, 1882, on her dwelling, furniture, etc., to the amount of $1500. The premium was $21.50, $10 of which was paid in cash, and a note given for $11.50, payable June 1, 1883, with this provision in it: "This note is given for insurance, and in case of loss under the policy for which it is given, becomes due and payable on the date of such loss,"—which we understand to mean, that if a loss occurred for which the company was

liable, the note was to become due on the date of such loss.
The property covered by the risk was destroyed by fire on the
18th of February, 1883. Suit was commenced on the 12th of
April, following, and the premium note was paid by appellant
to appellee, through a bank, on the 28th day of May, 1883,
being a month and a half after the suit was commenced. The
plaintiff having been unsuccessful in both the lower courts,
brings the case here for review.

Appellee set up as a defence, in the trial court, certain
breaches of the conditions in the policy. Appellant's counsel
do not question the truth of the facts constituting the defence
thus set up, but insist that the company is not in a position
to avail itself of that or any other defence, by reason of its
having accepted payment of the premium note after having
obtained full knowledge of all the facts and circumstances
constituting the defences made to the action. Indeed, it is
conceded that if the company has not waived the right to set
up the defences relied on, by reason of having accepted such
payment, the judgments below are right, and ought to be
affirmed. A recurrence to a few well settled principles, it is
believed, will relieve the question thus presented of all real or
apparent difficulty.

That the company had a complete defence to the action on
the policy at the time the suit was commenced, is admitted.
But this, like most other rights, is one that might be aban-
doned, released or waived. There is no pretense that it has
been released, intentionally abandoned, or expressly waived, so
that if there has been a waiver at all, it is what is known to
the law as an implied waiver. This class of waivers is fre-
quently to be met with in the law of insurance. Thus, where
the assured has been guilty of some breach or breaches of the
conditions of the policy, and the insurer, with full knowledge
thereof, during the pendency of the risk, accepts a maturing
premium, or does any other act recognizing the continued ex-
istence and validity of the policy, such acceptance or other

act will operate as a waiver of the right of forfeiture occasioned by said breaches, unless something appears to show that it was not intended to have that effect, and that the assured so understood it. This well recognized rule in the law of insurance is founded, at least in part, upon the fundamental principle, that one having the exclusive right to terminate an executory contract, must abrogate it altogether, if at all. He can not be heard to say it is valid for one purpose, and, in the same breath, that it is invalid for all other purposes, but it is founded chiefly upon the general principles of common honesty and natural justice, which the law exacts of mankind in their intercourse and dealings with one another.

The doctrine of waiver, however, in our opinion, has no application whatever to the facts of this case. The act of the company relied on as a waiver of its right of defence, occurred long after the risk under the policy had terminated by the happening of the contingency insured against,—long after the defendant had refused payment of the loss, on the ground there had been a forfeiture of the policy, and in the face of an action brought to enforce the payment of such loss.

The cases relied on by appellant's counsel differ materially in their facts from the present case, and, in our opinion, fall far short of sustaining the position in support of which they are cited. The policy being a valid obligation and binding contract between the parties, upon its delivery to the assured the risk attached, and commenced running, and would have continued to run until the loss occurred, but for the breach of its conditions by the assured, which rendered it void at the election of the company, and it is not claimed that there was any waiver of such breach until after the commencement of the present suit. The insurer is not required, in such case, to formally declare a forfeiture. It is sufficient to set it up by way of defence when sued for the loss, as was done in this case.

The waiver or estoppel relied on can not prevail. It is destitute of that element which is most essential to either.

It does not appear, nor is it claimed, that the assured has been misled in any manner, to her prejudice, by the company accepting payment of the note. What other course of conduct could the appellant have pursued than that which she did? She simply prosecuted the suit previously commenced by her against the company, to its termination, the company, from the beginning, denying its liability. As the payment of the note is the only ground on which she now claims she ought to recover, it is clear such payment could not have contributed to her failure to succeed in the courts below. The ground of recovery now urged is, in legal effect, an admission that there was no right of recovery when her suit was commenced. The payment to the company, therefore, so far from misleading her, to her injury, has, according to her present contention, greatly improved her prospect of success. Upon the delivery of the policy and commencement of the risk, the appellee acquired a present vested right in the premium, as an entirety. The payment of part of it was merely postponed, and consequently the company had the right to receive the money. But however this may be, we are clearly of opinion that the receiving of it did not operate as a waiver of the breaches of the conditions of the policy.

The view here taken is fully supported by the late case of *Northwestern Mutual Life Ins. Co.* v. *Amerman,* 119 Ill. 329, and the authorities there cited.

The judgment will be affirmed.

*Judgment affirmed.*