JEFFERSON MUTUAL INSURANCE COMPANY *v.* MURRY.

Opinion delivered March 18, 1905.

FIRE INSURANCE POLICY—EFFECT OF NON-PAYMENT OF PREMIUM.—Where a policy of fire insurance stipulated that it should be void during the time the policy note, or any part thereof, should remain unpaid after

becoming due, payment of such note after default revives the policy and makes it take effect from the time of payment, but the insurer is relieved from liability for any loss occurring during the continuance of the default.

Appeal from Nevada Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

### STATEMENT BY THE COURT.

On October 17, 1901, appellant, Jefferson Mutual Insurance Company, a corporation organized under the laws of this State on the mutual or assessment plan to do a fire insurance business, with its principal office at Pine Bluff, issued its certain policy, whereby it agreed to indemnify plaintiff, A. A. Murry, to an amount not exceeding $1,000, against loss or damage by fire, as follows: "$825 on a certain stock of merchandise, etc., $50 on store and office furniture and fixtures, including iron safe— all while contained in the one-story frame building with shingle roof, occupied as a general store, situate, Laneburg, Arkansas—$50 on store room, and $75 on the above-described building." Said policy was for the term of one year from the 17th day of October, 1901, at noon, to the 17th day of October, 1902, at noon, with the following excepting clause: "Except such portions of the above-mentioned period of time as this company shall hold against the assured any promissory note, past due and unpaid, in whole or in part, given by the assured for the premium charged for this policy, or any part thereof, and during such portion of time this policy shall be null and void, and so continue until such promissory note is fully paid. It is expressly stipulated and agreed that any attempt by said Jefferson Mutual Insurance Company to collect such note or notes, whether by legal proceedings or otherwise, shall not be deemed a waiver by said company of any condition of this policy." The premium charged, as a consideration for said policy, was $30, no part of which was paid in cash, but the assured executed therefor his promissory note, which note is in words and figures as follows: "$30. Dated, Laneburg, Ark., this 10th day of October, 1901.

"On or before the 10th day of November, 1901, for value received, I promise to pay to the Jefferson Mutual Insurance Company, or order, $30, at the Home Office, Pine Bluff, Arkansas, with interest at the rate of 10 per cent. per annum from date until paid. If paid at or before maturity, all interest waived. Said amount being for cash premium on my insurance this day applied for, and it is further agreed that if this note is not paid at maturity, the whole amount of premium on said insurance shall be considered as earned, and the policy be null and void, so long as this note remains overdue and unpaid.

"(Seal.)                                    A. A. MURRY."

On November 16, 1901, said premium note being past due, and no part of same having been paid, the property covered by the policy was destroyed by fire. After this Murry paid the note. There is no evidence to show that he was prevented by the insurance company from paying it on an earlier day. Murry recovered judgment against the insurance company for $941, and it appealed.

*W. F. Coleman,* for appellant.

A verdict should have been directed for the defendant. 51 Ark. 441; 104 U. S. 88; 32 Neb. 490; 19 Mich. 451; 82 N. Y. 543; 83 Ky. 574; 32 Neb. 490; 74 Ia. 11; 168 Pa. St. 249; 69 Ark. 54. There was no proof of a waiver, and instruction No. 1 was error. 9 Daly, 341; 23 Abb. N. C. 274; 53 Ia. 335; 130 N. Y. 560; 175 Pa. St. 350; 90 Tenn. 212; 65 Ark. 61. Acceptance of payment of the note did not change the relation of the parties. 83 Ky. 574; 19 Mich. 451; 31 Mo. App. 467; 119 Ill. 329; 124 Ill. 354; 36 N. Y. 157; 105 N. Y. 437; 59 Ill. App. 432; 40 Md. 572.

*G. R. Haynie* and *McRae & Tompkins,* for appellee.

Evidence of a waiver was proper. 48 Ark. 239. The non-payment of the note was waived. 53 Ark. 494; 65 Ark. 61; 53 Ark. 494; 9 L. R. A. 317; 8 L. R. A. 42.

BATTLE, J. The effect of so much of the policy and of the note given for the premium as provides that the policy shall be void during the time the policy note, or any part thereof, shall

remain unpaid after it becomes due and payable, and shall so continue until it is fully paid, was to suspend the operation of the policy during the time the notes remained overdue and unpaid, and, upon payment after default, to revive the policy, and make it again take effect from the time of payment, and continue for the remainder of the period first stipulated for insurance, and to relieve the insurer from any liability for any loss which may occur during the continuance of the default. *Williams* v. *Albany City Insurance Company,* 19 Mich. 451.

It was also stipulated that, in case of default in the payment of the note at maturity, the full amount of the premium shall be considered as earned. According to this stipulation, the premium was earned by the risk assumed and borne by the insurer in the period or periods during which the policy was not suspended, and was in force. This being true, the acceptance of the payment of the note after the destruction of the property insured by fire in no way affected the rights of the appellant, as it was entitled to the payment in any event and in any aspect of the case. See *Williams* v. *Albany City Insurance Co.,* 19 Mich. 451, for a full discussion of the questions in this case.

The property insured having been destroyed by fire while the policy was suspended, the parties stood as they would have if the fire had occurred after the expiration of the time first fixed for insurance. The insurance company was not liable, and no proof of loss was required or made necessary by the contract of parties.

Reversed and remanded for a new trial.