## DUNCAN v. MISSOURI STATE LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1908.)

### No. 2,608.

1. INSURANCE—PREMIUMS—ACCEPTANCE AFTER MATURITY—WAIVER OF FORFEITURE.

The acceptance by an insurance company of payment of a premium or premium note after maturity is in general a waiver of a forfeiture of the policy caused by the prior default.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1056.

Waiver by acceptance of premiums, see note to Life Ins. Clearing Co. v. Bullock, 33 C. C. A. 369.]

2. SAME—CONDITIONAL ACCEPTANCE—BREACH OF CONDITION—EFFECT.

After forfeiture of a policy for nonpayment of premiums the forfeiture was waived, and the insurance company accepted a renewal note for the premium past due, providing that in case the note was not paid at maturity the full amount of the premium should be considered earned as premium during its currency, and the note should be payable without reviving the policy or any of its provisions. Held, that such provision was not invalid, and, though insured signed the note without reading it, he was bound thereby in the absence of duress or fraud, and on his failure to pay the note at maturity his policy was forfeited notwithstanding the insurance company thereafter collected the note through an attorney.

3. SAME—CONFLICTING PROVISIONS.

Where a note required for past due premium in order to waive a forfeiture provided that if not paid at maturity the full amount of the premium should be considered earned as premium during the currency of the note payable without revivor of the policy or any of its provisions, insured's reinstatement constituted a corporate act conclusive on the insurer to the same extent as the terms of the note were conclusive on insured, who was not entitled to claim that the same was invalid as in conflict with the policy providing that no agreement varying its terms should be valid unless in writing, made at the home office of the company by the president, vice president, and secretary.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

James F. Read (James B. McDonough and Youmans & Youmans, on the brief), for plaintiff in error.

James C. Jones (Jones, Jones, Hocker & Davis, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. This was an action by the administrator of the estate of Thomas M. Duncan, deceased, on a policy of life insurance issued by the Missouri State Life Insurance Company. The defense was that the policy was forfeited by the nonpayment when due of a note given for a part of the first premium. In response to this the plaintiff said the forfeiture was waived by the payment of the note after maturity and the acceptance of the money by the company. At the conclusion of the evidence the trial court directed a verdict for the company.

The policy was dated June 23, 1904. It contained provisions to the effect that the policy should be void upon default in the payment of any note given for a premium, also for reinstatement upon the furnishing by the insured of evidence of good health satisfactory to the company and the payment of all arrears and indebtedness under the policy. It required the payment of a term premium of $210 which carried the policy for two years and until June 23, 1906, and thereafter of a number of annual premiums of the same amount. One half of the first or term premium belonged to the agent who solicited the insurance and he rebated it. For the other half the insured gave the company his note for $105 due October 1, 1904. The note recited that if it was not paid when due the policy should become null and void. Payment was not made at maturity, but the policy was reinstated November 11, 1904, upon the application of the insured with a showing as to his health and the making of a renewal note for the $105 due December 15, 1904. This renewal note made like provision for forfeiture of the policy upon default in payment and contained the following:

"In case this note is not paid at maturity the full amount of the premium shall be considered earned as premium during its currency and the note payable without reviving the policy or any of its provisions."

Default in paying this note at maturity also occurred, and after fruitless requests by the company for payment it was sent to an attorney who collected it April 10, 1905. On November 23, 1905, the insured applied for reinstatement of the policy but the application was rejected on the 12th of the following December upon medical advice as to his health. The insured died March 19, 1906, less than two years from the date of the policy.

The general rule is that the acceptance by an insurance company of the payment a premium or premium note after maturity is a waiver of a forfeiture of a policy caused by the prior default. Phœnix Mut. Life Ins. Co. v. Raddin, 120 U. S. 183, 196, 7 Sup. Ct. 500, 30 L. Ed. 644. But we have here a contract that notwithstanding the forfeiture arising from default in payment the full premium should be considered as having been earned and the note payable without a revivor of the policy. The terms of the agreement to this effect are clear and unambiguous, and are not contrary to any rule of law or public policy. The parties were capable of contracting, and undoubtedly they could at the beginning have agreed upon the full sum of $210 for an insurance term expiring at the date of the second default. We see no reason for saying they could not afterwards contract to the same

effcct. If the premium had been fully paid in money when the policy was issued a subsequent forfeiture for the fault of the insured in violating some condition would not have entitled him to a return of a part of it as unearned. There is no absolute right in an insured to have a policy continue in force for the entire period covered by a premium payment irrespective of the time of payment or of other conditions to which he has assented and a breach of which he has committed. Provisions like that quoted from the renewal note have been upheld by a number of the courts. Shultz v. Ins. Co., 42 Iowa, 239; Shakey v. Ins. Co., 44 Iowa, 540; Blackerby v. Ins. Co., 83 Ky. 574; Schimp v. Ins. Co., 124 Ill. 354, 16 N. E. 229; Texas Fire Ins. Co. v. K. T. Lodge, 32 Tex. Civ. App. 328, 74 S. W. 809; Union Central Life Ins. Co. v. Chowning, 8 Tex. Civ. App. 455, 28 S. W. 117; Laughlin v. Life Ass'n, 8 Tex. Civ. App. 448, 28 S. W. 411. See, also, Jefferson Mut. Ins. Co. v. Murry, 74 Ark. 507, 86 S. W. 813.

It is contended, however, that the provision in question was a variance from the original contract of insurance which the policy prohibited unless in writing made at the home office of the company by the president, vice president, and secretary thereof. Assuming without deciding that the terms of the original contract were changed it must be said the renewal note containing the provision in question was required by the company, and accepted by it as an integral part of the contract of reinstatement of the policy after its first forfeiture, and such reinstatement was a corporate act conclusively binding upon the company no more to be repudiated by it than the terms and conditions of the note could be by the insured.

Again, it is contended that the insured did not read the renewal note before he signed it and was ignorant of the provision in question. The only evidence of this was in a letter from the insured produced by the company. But, admitting the fact, it does not appear that the insured acted under constraint or deception. When he applied for and obtained the reinstatement of the policy after the first forfeiture he could have been required to pay the defaulted premium note in cash. But, having asked an extension of the time of payment he must be held to have informed himself of the terms of the writing which he signed and by which he obtained what he sought. It cannot be held, in the absence of duress or fraud of some kind, that a man is to be released from a written contract he executed because he neglected to read it.

The judgment is affirmed.