ION T. ROSE, Appellant, *vs.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellee.

*Opinion filed April 23, 1909.*

1. INSURANCE—*delivery of policy is not essential to validity of contract.* Ordinarily a life insurance policy becomes binding on the insurer when signed and forwarded to the insurance broker to whom the application was made, to be delivered to the insured, and actual delivery to the insured is not essential to the validity of the contract.

2. SAME—*insurance runs from date of policy and not date of delivery.* In the absence of any agreement to the contrary, life insurance begins to run from the date of the policy and not from the date of its delivery, where the policy acknowledges the receipt of the first premium, and, in terms, insures the life of the holder from the date of the policy, and there is nothing to contradict the *prima facie* fact that the application was accepted, the premium paid and the policy issued on such date.

3. SAME—*when notice that payment is due is not necessary.* The New York statute requiring notice to be mailed to the last known post-office address of the insured in that State as a condition to forfeiture of the policy for non-payment of premiums does not apply to insurance issued by New York companies in other States, even though the contract of insurance provides that it shall be subject to the charter of the company and the laws of New York.

4. SAME—*a policy may provide for waiver by insured of notice that payments are due.* Where a life insurance policy provides that notice that each and every payment of premium is due is given and accepted by the delivery and acceptance of the policy and that any further notice is expressly waived, no notice is required, and if there is a default in payment the company need not declare a forfeiture but may set it up in defense when sued on the policy.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. L. C. Ruth, Judge, presiding.

Frederick A. Brown, (William R. T. Ewen, Jr., and W. V. Eaton, of counsel,) for appellant:

This insurance began upon the delivery of the policy, July 17, 1904. *Pease* v. *Ritchie*, 132 Ill. 638; *Logsdon* v. *Supreme Lodge*, 34 Wash. 667; *Hulick* v. *Scovill*, 4 Gilm. 190; *Spencer* v. *Myers*, 26 N. Y. Supp. 371; 1 Randolph on Commercial Paper, sec. 216; 1 Beach on Contracts, sec. 8; *McMasters* v. *Insurance Co.* 78 Fed. Rep. 23, and 183 U. S. 25; *Stinchcombe* v. *Insurance Co.* 46 Ore. 319; *Stramback* v. *Insurance Co.* 94 Minn. 281; *Stringham* v. *Insurance Co.* 44 Ore. 447.

The contract is governed by the laws of New York. It is provided therein that it should be subject to the laws of the State of New York and that the contract is to be performed in New York. *Lewis* v. *Headley*, 36 Ill. 433; *Mason* v. *Dousay*, 35 id. 424; *Davenport* v. *Karnes*, 70 id. 465; *Abt* v. *Bank*, 159 id. 467; *Bank* v. *Banking Co.* 114 id. 483.

The contract being a New York contract, the statute requiring notice to policy holders became a part of the contract. *Insurance Co.* v. *Berwald*, 73 S. W. Rep. 436; *Mathias* v. *Cook*, 31 Ill. 83; *Baxter* v. *Insurance Co.* 119 N. Y. 450.

Defendant cannot rid itself of the operation of the statute by providing "that notice of each premium due is given by the delivery and acceptance of the policy and any further notice required by statute is thereby expressly waived." *Mathias* v. *Cook*, 31 Ill. 83; *Baxter* v. *Insurance Co.* 119 N. Y. 450; *Griffith* v. *Insurance Co.* 101 Cal. 627.

The provision of the New York statute requiring notice to be sent "to the last known post-office address in this State" does not relieve the company of the duty of sending

a notice to the insured in Kentucky. *Bank* v. *Godfrey*, 23 Ill. 531; *Starkweather* v. *Bible Society*, 72 id. 50; *Bank* v. *Ware*, 13 Pet. 588; *Railway Co.* v. *County Comrs.* 6 Kan. 245; *Insurance Co.* v. *Ficklin*, 74 Md. 180.

WINSTON, PAYNE, STRAWN & SHAW, (M. H. WHITNEY, of counsel,) for appellee:

The New York statute set forth in the declaration, to-wit, section 92 of chapter 690 of laws of the State of New York, enacted in the year 1897, does not apply outside of said State. *Insurance Co.* v. *Hill*, 193 U. S. 551; *Insurance Co.* v. *Cohen*, 179 id. 262; 3 Cooley on Insurance, 2293; *Allison* v. *Insurance Co.* 107 S. W. Rep. 730; *Insurance Co.* v. *Glover*, 78 id. 146; *McDougald* v. *Insurance Co.* 146 Fed. Rep. 674; *Insurance Co.* v. *Bradley*, 82 S. W. Rep. 1031; *Matthews* v. *Insurance Co.* 61 S. E. Rep. 192.

The period of insurance covered by the policy expired thirteen months from the date thereof. *McMaster* v. *Insurance Co.* 183 U. S. 25; *Tibbitts* v. *Insurance Co.* 65 N. E. Rep. 1033; *Methvin* v. *Life Ass.* 61 Pac. Rep. 1112; *Jewett* v. *Insurance Co.* 112 N. W. Rep. 734; *Stringham* v. *Insurance Co.* 44 Ore. 447; *Wilkie* v. *Insurance Co.* 60 S. E. Rep. 427; *Insurance Co.* v. *Stegall*, 58 id. 79; *McDougald* v. *Insurance Co.* 146 Fed. Rep. 674; *Johnson* v. *Insurance Co.* 143 id. 950; *Bryan* v. *Insurance Co.* 42 Atl. Rep. 513; *Armstrong* v. *Assurance Society*, 2 Ont. 771.

Actual delivery of a policy to the insured is not essential to the validity of the contract, unless the contract so provides. 1 Cooley on Insurance, 442.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this suit in assumpsit in the circuit court of Kane county against appellee to recover $5000 insurance upon the life of Herbert A. Rose, her father. Her declaration finally contained eight counts, but the sixth (a

consolidated common count) was withdrawn. The court sustained a general and special demurrer of appellee to the declaration, and appellant having elected to stand by her declaration, judgment was entered in favor of the appellee. Appellant took the case to the Appellate Court for the Second District by appeal, and that court having affirmed the judgment, she prosecuted this further appeal.

The first, fifth, seventh and eighth counts set out the contract of insurance and sought a recovery upon it. The second count alleged that the application of Herbert A. Rose named the plaintiff, Ion T. Rose, his daughter, as beneficiary; that the policy of insurance was issued dated May 23, 1904, and thereafter, on July 17, 1904, was delivered to him; that he refused to accept the policy because said Ion T. Rose was therein described as his wife, and he also feared an intention on the part of defendant to give him but ten months' insurance for a full year's premium, whereupon the defendant agreed to have another policy issued dated of the day of delivery and properly describing the beneficiary, and that, relying upon the said promise, he retained the policy but defendant did not deliver to him a new policy as agreed. The third count, like the second, averred that Herbert A. Rose refused to accept the policy until the defendant agreed to issue a new policy identical with the one then offered him, excepting the beneficiary was to be described as his daughter and the policy dated July 17, 1904. The fourth count alleged that on May 12, 1904, the defendant agreed with Herbert A. Rose to pay to the plaintiff, on his death, $5000 in consideration of a certain premium paid, and then agreed to make and deliver to him a policy of insurance in accordance with that agreement to be in force from the time of its issue, but that the defendant refused to issue said policy and said Herbert A. Rose afterward died.

In presenting the argument asking for reversal counsel pay no attention to said second, third and fourth counts

and make no claim that either of them stated a good cause of action. It is manifest that if the plaintiff acquired any right by virtue of the alleged agreement to issue another policy it could not be enforced by a suit of this character.

The policy of insurance was dated May 23, 1904, and the first annual premium was paid but no further payment was made, and the insured died on August 3, 1905. Thirty days' grace was allowed for the payment of subsequent premiums, and the real questions in the case are whether the insurance began to run on May 23, 1904, or at some subsequent date, and whether a statute of New York requiring notice to policy holders before forfeiture, and prohibiting forfeiture within one year after default without giving notice as therein provided, became part of the contract of insurance.

Counsel state, in a general way, the averments of the first, fifth, seventh and eighth counts, which set out the contract, without separating the counts or stating their contents separately, and the same course will therefore be followed in this opinion.

The material facts averred and presented in argument are as follows: On May 12, 1904, Herbert A. Rose made and signed at Paducah, Kentucky, where he resided, an application to the defendant for insurance on his life to the amount of $5000, payable to the plaintiff, Ion T. Rose, his daughter, who also resided at Paducah, Kentucky. The application provided that it was the basis and part of a proposed contract of insurance, "subject to the charter of the company and the laws of the State of New York;" that the policy to be issued should not take effect until the first premium should have been paid during his continuance in good health and the policy should have been signed by the secretary of the company and issued. The application stated that the applicant resided at 319 Jackson street, in the city of Paducah, county of McCracken, State of Kentucky, and it gave his place of business as 104 and 105

240—4

Fraternity building and his post-office address the same. He was examined by a physician at Paducah, Kentucky, on May 23, 1904, and the policy was dated on that day, signed by the president and secretary at New York and stamped on the back by the general agent of the company at Louisville, Kentucky, June 26, 1904. The policy acknowledged the receipt of the first annual premium, $169.40. Under the head of "Provisions, requirements and benefits" there were, among other things, the following provisions:

"*Premiums*—Each premium is due and payable at the head office of the company, or, at the option of the insured, at any agency of the company, in exchange for the company's receipt signed by the president and secretary. Notice that each and every such payment is due is given and accepted by the delivery and acceptance of this policy, and any further notice which may be required by any statute is thereby expressly waived.

"*Grace in payment of premiums*—After this policy has been in force one year, thirty days of grace will be allowed in payment of premiums, with interest for the time taken at the rate of five per cent per annum, during which time this policy shall remain in force for the full amount."

No. 319 Jackson street, Paducah, Kentucky, was never the post-office address of the insured but merely his boarding house, and if notice was ever mailed to that place he never received it. Section 92 of chapter 690 of the laws of the State of New York for the year 1897 was set out in the declaration, containing the following provisions: "No life insurance corporation doing business in this State shall, within one year after the default in payment of any premium, installment or interest, declare forfeited or lapsed any policy hereafter issued * * * unless a written or printed notice stating the amount of such premium, interest, installment or portion thereof due on such policy, the place where it shall be paid and the person to whom the same is payable, shall have been addressed and mailed to the person

whose life is insured, * * * at his or her last known post-office address in this State." It was alleged that the policy was issued on July 17, 1904; that defendant claimed to have sent to the insured, at 319 Jackson street, Paducah, Kentucky, a notice that a premium was due on May 23, 1905; that the insured died August 3, 1905, and that he had paid all premiums due under the policy of which notice had been given to him by the defendant as required by the laws of the State of New York.

The averment that the policy of insurance was issued on July 17, 1904, was followed by a copy of the policy, dated May 23, 1904, acknowledging the receipt of the first payment of premium and in terms insuring the life of Herbert A. Rose from that date during the continuance of the policy. The application provided that the insurance should not take effect until the first premium should have been paid and the policy issued, but there was no provision as to delivery. The averment as to date of issue stated no act or fact constituting an issue of the policy, and amounted to nothing but a contradiction of the terms of the policy. There was nothing that could be construed as an allegation that the application was not accepted and the policy signed at the date it bore. The insurance commenced to run from the acceptance of the premium while the insured was in good health and the policy acknowledged the receipt of the premium. An actual delivery of the policy to the insured was not essential to the validity of the contract, and the rule is that a policy becomes binding on the insurer when signed and forwarded to the insurance broker to whom the application for insurance was made, to be delivered to the insured. (1 Cooley's Briefs on Insurance, 442-449.) Where an application is made for insurance there is no liability until the application is accepted, but the acceptance and issuing of the policy completes the contract. An unqualified acceptance of the application and placing the completed policy in the hands of an agent for delivery, without

condition, completes the contract. (25 Cyc. 718.) To hold that an insurance policy is not in effect until the date of its delivery, contrary to its own terms, and where there is no agreement of that kind, would throw every case of insurance into doubt and uncertainty by leaving the term to depend upon oral testimony. It would unsettle the contracts of the parties, and it is neither the practice nor the function of courts to make contracts for parties different from those which they have made for themselves. The averments of the declaration are to be construed against the pleader, and it must be held that the policy was in force when the application was approved, the insurance paid and the policy signed and issued at the office of the company.

Much reliance is placed by counsel on the decision of the Supreme Court of the United States in *McMaster* v. *New York Life Ins. Co.* 183 U. S. 25, to sustain the argument that the insurance commenced on July 17, 1904. In that case McMaster made an application for insurance at Sioux City, Iowa, and the application was dated December 12, 1893. By express agreement McMaster was to pay the first year's premium upon the delivery to him of the policies, and the contract was not to take effect until they were delivered. The application said nothing about when the policies should be dated, but after it was signed the agent, for his own purposes, without the knowledge or assent of McMaster, interlined, "Please date policy same as application," and McMaster never knew that these words had been written in the application. The application was forwarded to the company and policies were issued dated December 18, 1893, and they were delivered on December 26, 1893. McMaster did not examine the policies but asked the agent if they were as represented and if they insured him for thirteen months, and being told that they did, he paid the agent the first annual premium. The policies, although dated December 18 and in force from that date,

provided for the payment of premiums on the 12th day of December in every year. McMaster died on January 18, 1905, and the question was whether the insurance had been forfeited by a failure to pay the second annual premium within thirty days after December 12, 1904, there being grace of one month in the payment of premiums. The insurance company contended that McMaster having requested that the policies should be issued of the same date as the application was estopped from denying that the premiums were due on that date although the policies were dated December 18. McMaster understood, and the company by its agent understood, that the insured would get insurance which could not be forfeited until after the expiration of thirteen months from the beginning of the insurance, and McMaster was ignorant of the unauthorized interpolation by the agent, which would work a fraud on him. The court said that it might be conceded that in accordance with the practice in such matters the contracts of insurance commenced to run from December 18, when they were dated, rather than from December 26, when they were delivered, but that they were not in force on December 12. The decision of the court was, that evidence of the unauthorized insertion by the agent of the request that the policies should be dated the same as the application was admissible on the question whether McMaster was bound by the provision of the policy that premiums should be paid on December 12. That was a case of fraud on the insured, and the question was whether he was estopped to prove the facts or barred by negligence in failing to read the policies. The decision does not tend to support the argument that the premium in this case was not due according to the terms of the policy, there being no claim of fraud, misrepresentation, mistake or accident. The policy provided that the annual premium should be paid on the 23d day of May in every year during the continuance of the contract, and in the absence of fraud or mistake both parties were

bound by its terms. *Tibbetts* v. *Mutual Benefit Life Ins. Co.* 65 N. E. Rep. (Ind.) 1033.

The policy provided that notice that each and every payment of premium was due was given and accepted by the delivery and acceptance of the policy, and any further notice which might be required by any statute was thereby expressly waived. Under this agreement no notice was required, and it is not contended that notice was necessary unless the statute of New York became a part of the contract. If no notice was required and there was default in payment, the defendant was not required to declare a forfeiture but could set it up by way of defense when sued on the policy. *Schimp* v. *Cedar Rapids Ins. Co.* 124 Ill. 354; *United States Life Ins. Co.* v. *Ross,* 159 id. 476; 19 Am. & Eng. Ency. of Law, (2d ed.) 47.

It is contended that notice stating the amount of the premium, the place where it was to be paid and the person to whom it was payable was necessary because of the statement in the application that it was made subject to the charter of the company and the laws of the State of New York. The question was considered by the Supreme Court of the United States in *Mutual Life Ins. Co.* v. *Cohen,* 179 U. S. 262. In that case the insurance company delivered to Alexander Cohen, in Montana, a life insurance policy, and the application stated that it was subject to the charter of the company and the laws of New York, and the policy contained the same provision waiving the notice required by any statute as the policy in this case. It had been supposed by some courts that the New York statute limited or affected in some way the charter powers of insurance companies incorporated there, but in that case the court held that the obvious purpose of the statute was to reach business transacted in New York; that it did not change any insurance company charter, but prescribed only the proper rule for business transacted within that State. The court did not doubt that a contract executed elsewhere

might by its terms incorporate the law of New York, but held that a preliminary application would not control a stipulation in the policy when issued and that the rights of the parties were measured by the terms of the policy. The conclusion was, that insurance business transacted in other States was not subject to the provisions of the New York statute of 1877 requiring notice as a condition of the forfeiture of the policy for non-payment of the premium, and that the provision in the application was not sufficient to make the policy subject to the requirement for notice. The statute at that time did not limit the giving of notice to cases where there was a post-office address in that State, as it now does.

In *Mutual Life Ins. Co.* v. *Hill,* 193 U. S. 551, the facts were that George D. Hill, of Seattle, Washington, signed an application to the insurance company for a policy, and the company accepted the application, issued the policy and forwarded it to the appellant at Seattle, who delivered it to Hill. The policy recited an agreement to pay the amount of the insurance to the beneficiary at the home office in the city of New York and each premium was to be due and payable at the home office, but, as in this case, it would be accepted elsewhere when duly made in exchange for the company's receipt signed by the president or secretary. The policy also contained the same provision as the one here involved as to the waiver of notice required by any statute. The application provided that the contract, when made, should be held and construed, at all times and places, to have been made in the city of New York. The court said that previous decisions in kindred cases had established these propositions: First, that the State of Washington was the place of the contract; second, the statutory provision of the State of New York in reference to forfeitures had no extra-territorial effect, and did not, of itself, apply to contracts made outside of the State; third, that parties

contracting outside of the State of New York might, by agreement, incorporate in the contract the laws of that State. It was held that the New York statute had no effect on the contract, and if the reference to the New York law was of any force, the expressed stipulation as to notice, being in reference to a particular matter, was paramount and controlling.

The statute referred to was amended in 1897 so as to read as set out in the declaration, as before stated, and to require notice to be mailed to the insured "at his or her last known post-office address in this State,"—*i. e.,* State of New York. This change in the statute seems to have removed every possible ground for any claim that the New York law required notice to Herbert A. Rose. He had no post-office address in the State of New York, and the statute could not apply to the contract.

The circuit court did not err in sustaining the demurrer, and the judgment of the Appellate Court affirming the judgment of the circuit court was correct.

The judgment is affirmed.        *Judgment affirmed.*