## H. Ernest Hutton, Administrator, Appellee, v. Forest City Life Insurance Company, Appellant.

1. INSURANCE, §. 598*—*when payment of premium to insurer presumed.* Where an insurer issues a policy of life insurance and sends it with a receipt for the whole premium to its agent, who delivers it to the insured, there is prima facie evidence that the premium was paid.

2. INSURANCE, § 593*—*when health of insured when premium paid not in issue.* In an action on a life insurance policy, where the pleas allege that insured was not in good health when the policy was issued, the fact of his being in bad health at the time the premium was paid is not put in issue.

3. INSURANCE, § 704*—*when finding of jury as to health of insured not disturbed.* When the jury finds adversely to the insurer, in an action on a life insurance policy, on the question as to whether the insured was in good health when the premium was paid, and this is not properly an issue, and there is no competent evidence in support of the defendant's contention, its verdict will not be disturbed.

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

ENGSTROM BROS. and W. R. JEWEL, JR., for appellant.

REARICK & MEEKS, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellant appeals from a judgment for $1,112.50 rendered against it in favor of appellee in an action of assumpsit to recover on an insurance policy for $1,000, issued by appellant to William Ray Ramsey, now deceased. Appellant filed four pleas to the declaration: The first plea being the general issue; the second, that said policy of insurance was without any good and valuable consideration; the third, that said policy was

obtained by fraud and circumvention in that at the time said *policy* was delivered to said Ramsey he, the said Ramsey, was not in good health and that said Ramsey by fraud and circumvention concealed that fact from appellant; the fourth, that said policy was obtained by fraud and circumvention in that at the time the *policy* was delivered to said Ramsey he was not in good health and that he and one O. K. Baldwin, agent for appellant, by fraud and circumvention concealed from the defendant that fact.

Ramsey, the insured, was a young man twenty-one years of age, residing at Sidell, Illinois, and while attending medical college at Chicago was taken ill and died of pneumonia April 20, 1911. On December 31, 1910, he made application for a policy on his life in the amount of $1,000 to the Forest City Life Insurance Company of Rockford, Illinois, then a mutual and fraternal life insurance company incorporated under the laws of this State. The application was taken by one O. K. Baldwin, an agent of the Company, and forwarded to the home office. The amount of the premium was $27.08. At the time the application was made Ramsey paid $12.08 of this premium. After the application was made the Company procured a new charter as an old-line legal reserve Company and this charter was issued by the Secretary of State, March 24, 1911. The only difference in the name of the two companies was that in the latter Company the words "of Rockford, Illinois" are omitted. Between February 2, and 5, 1911, $15, the balance of the premium due, was paid to said Baldwin by the insured. Appellant, without any further application, on March 27, 1911, issued the policy in question to said Ramsey. With this policy was sent to the agent Baldwin for delivery the official receipt of appellant for the first annual premium. The policy and receipt were mailed by Baldwin to the deceased in Chicago about April 1, 1911.

It is urged that as the appellant Company which

issued the policy was not incorporated until March 24, 1911, that the premium which was paid to Baldwin before that time could not have been a premium paid to appellant Company because Baldwin could not have been an agent of a company which did not exist. This contention is without merit for the reason that it issued the policy in question and sent it with a receipt for the whole premium to Baldwin as its agent, who delivered it to Ramsey. This was prima facie evidence that the premium for the policy was paid, and there is nothing in the record to rebut this presumption. *Rose v. Mutual Life Ins. Co.*, 240 Ill. 45.

It is further contended that the evidence shows that the insured was sick at the time the premium was paid, and that under the following provision of the policy the policy became void: "I agree that my policy issued under this application shall not be valid, until the first premium therefor is paid to the Company or its authorized agent, and the receipt therefor countersigned during my lifetime, and while I am in good health."

In answer to this contention, the record discloses no competent evidence that Ramsey was not in good health when the premium was paid, and further there was no plea putting this fact in issue. The two special pleas, it will be observed, allege that the insured was not in good health at the time the *policy* was delivered. There was no provision in the policy that it should be void unless the insured was in good health when it was delivered and there is no rule of law to that effect. On the trial appellant abandoned the theory of these pleas and procured the court to instruct the jury that unless they believed from the evidence that the insured was in good health at the time the premium was paid, appellee could not recover. The jury found adversely to appellant on this improvised issue, and we can see no reason for disturbing its verdict.

The judgment will be affirmed.

*Affirmed.*