AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY,
*v.* RUSSELL.

Opinion delivered February 23, 1931.

*H. M. Barney,* for appellant.
*E. F. McFaddin,* for appellee.

HUMPHREYS, J.   Appellee brought this suit against appellant to recover $395 on two items covered by an insurance policy for $3,000, which also covered twelve other items, or a total of fourteen items.   Each of the fourteen items was separate and set out specifically as to the amount of insurance thereon in said policy.   The policy was issued by appellant to appellee on September 20, 1926, for a period of five years from the 16th day of September, 1926, to the 16th day of September, 1931, for a total premium of $325.80, payable $65.16 in cash, and a like amount on the first day of October, for the years 1927, 1928, 1929 and 1930, respectively; the deferred payment being evidenced by one note in the total sum of $260.64, due in installments as aforesaid.

It was alleged in the complaint that on the 24th day of October, 1929, the barn and certain provender, being two items covered by the policy, were destroyed by fire, and that proof of loss was made within the period of sixty days after the fire provided in the policy for making such proof.

Appellant filed an answer denying liability under the policy on the ground that the policy was suspended on October 24, 1929, when the barn and provender were

destroyed by fire, on account of appellee's failure to pay the premium installment on October 1, 1929, amounting to $65.16. The suspension clause relied upon as a defense was set out, in substance, in the answer, and is as follows:

"And it is hereby agreed that, in case of nonpayment of either of the installments herein named at maturity, this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until the payment is made to this company, * * *. The payment of the premium, however, revives the policy, and makes it good for the balance of the term."

The cause was submitted upon the pleadings and the testimony adduced by the respective parties, at the conclusion of which the court peremptorily instructed a verdict for appellee in the amount sued for, from which is this appeal.

The record reflects that appellee had the money in the bank with which to pay the premium on October 1, 1929, but forgot to do so until after the barn and provender were destroyed by fire. Immediately thereafter he informed appellant's local agent of the fire, and, following his advice, sent a check to appellant on the 31st day of October, 1929, for $65.16 to cover the premium due on October 1, 1929, but did not inform appellant in the letter inclosing the check of the fire. Appellant received and cashed the check without any knowledge that the barn and provender had been destroyed by fire. Later, and within sixty days after the fire, appellee made proof of his loss by fire in accordance with the terms of the policy and mailed same to appellant. This was the first knowledge appellant obtained that the barn and provender had been destroyed by fire. It immediately denied liability upon the ground that the policy was suspended under the express provisions thereof during the time appellant had defaulted in the payment of the premium installment due October 1, 1929, and that the policy was void and of no binding effect on appellant at the time the barn and

provender were destroyed by fire. It retained the total premium and refused to pay appellee's loss.

Appellant contends for a reversal of the judgment under the general rule adopted by this court to the effect that policies of fire insurance may provide against liability on the part of the insurer during default in the payment of the installments of the premium agreed upon as a consideration for the protection. The doctrine invoked and relied upon by appellant may be found in the cases of *Jefferson Mutual Life Insurance Co.* v. *Murray,* 74 Ark. 507, 86 S. W. 813; *American Insurance Co.* v. *Hornbarger,* 85 Ark. 337, 108 S. W. 213; *Fidelity Mutual Insurance Co.* v. *Bussell,* 75 Ark. 25, 86 S. W. 814; and *American Insurance Co.* v. *Austin,* 178 Ark. 566, 11 S. W. (2d) 475.

Appellee concedes the general rule provided in the cases cited, but contends that the instant case is not governed by the general rule, but by the exception thereto to the effect that suspension of forfeiture clauses in policies may be waived by the insurer. Appellee argues that the retention of the premium installment paid by him on October 31, 1929, which was due October 1, 1929, after receiving notice of the loss by fire, was a waiver of the suspension or forfeiture clause contained in the policy and set out above. He cites in support of his contention the case of *Ætna Insurance Co.* v. *Daggett & Yancey,* 177 Ark. 109, 5 S. W. (2d) 719. The compelling facts in the case cited do not appear in the instant case. In the case cited the insured was not aware of a fire and loss when they paid the delinquent installment of the premium. It accepted all of the overdue premium with full knowledge of the fire loss, and, instead of denying liability, entered into negotiations for a settlement by sending an adjuster to investigate the fire and causing or inducing the insured to go to trouble and expense.

In the instant case appellee did not notify appellant of the fire loss when he remitted the delinquent premium installment, although knowing of it himself. In other

words, he withheld this information from the insurer so at the time it received the remittance and appropriated same it had no knowledge of the fire loss. Immediately upon obtaining the information, the insurer denied liability and did not enter into negotiations for a settlement or by any act induce appellee to go to trouble or expense relative thereto. All that it did was to retain the installment of premium remitted to it after it became aware of the fire loss. The cases are not parallel in their salient facts, and, therefore, the instant case is not ruled by the case of *Ætna Insurance Co.* v. *Daggett & Yancey, supra.* The retention of the installment premium under the circumstances was not sufficient in itself to constitute a waiver of the suspension clause as a matter of law; nor was it, standing alone, sufficient to carry the question of waiver to the jury. The rule stated in 32 C. J., at page 1351 (§ 629) is as follows:

"Acceptance of a past-due premium after loss without knowledge of the loss does not revive a previously forfeited policy." And further, (§ 630): "The exercise by the company of its right to accept the premium after due, under a provision in the contract expressly stipulating as to the effect of such an acceptance, does not in itself waive a forfeiture or provision against liability during the suspension of the policy."

Instead of instructing a verdict for appellee, the court should have instructed a verdict for appellant.

On account of the error indicated, the judgment is reversed, and the cause is dismissed.