JEWETT *v.* NORTHWESTERN NATIONAL LIFE-INSURANCE CO.

1. LIFE INSURANCE—PREMIUMS—TIME OF PAYMENT.
   That a life-insurance policy dated August 1st, and providing for payment of premiums on the 1st day of certain months, was not issued until August 18th, does not postpone the time of payment of the subsequent premiums to the 18th of the several months.

2. SAME—FORFEITURE—NONPAYMENT OF PREMIUMS—WAIVER.
   Assured, having failed to pay a quarterly life-insurance premium, due August 1st, wrote on October 27th to know how much was due. The company replied on October 31st, stating the amount of the past-due premium with interest, which assured remitted November 4th and the company receipted for November 7th. *Held*, that the action of the company in receiving and retaining the remittance of November 4th was not a waiver of the forfeiture occurring by reason of the nonpayment of the premium due November 1st.

Error to Wayne; Brooke, J.  Submitted June 4, 1907. (Docket No. 21.)  Decided July 1, 1907.

Assumpsit by Ina L. Jewett against the Northwestern National Life-Insurance Company on a policy of insurance.  There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

On August 11, 1902, one James H. Jewett, the husband of plaintiff, made application to the Northwestern Life & Savings Company, of Des Moines, Iowa, for insurance upon his life.  Mr. Jewett was then a subagent for said company, soliciting insurance in the city of Detroit.  The first year's premium ($100) was paid by Mr. Jewett on August 11th.  Upon the receipt of the application and the money the policy was issued to Mr. Jewett on August 18, 1902.  Mr. Jewett made no further pay-

ment until November 4, 1903, when, through his wife, he sent a draft for $25.52. On October 27, 1903, Mr. Jewett, through his wife, wrote the company, asking for a statement of the amount of the premium due. The company replied to that letter October 31st, informing him that the total amount due for the delinquent payment was $25, and interest 52 cents. This amount was remitted by letter November 4th. On November 7th the company sent Mr. Jewett a receipt for the money, acknowledging it as the quarterly premium due on the policy August 1, 1903. No further payments of premiums were made, and Mr. Jewett died November 17, 1903. Plaintiff, his widow, is the beneficiary named in the policy. The defendant in this case reinsured and guaranteed all the policies of the Northwestern Life & Savings Company. The company was duly notified on December 1, 1903, of the death of Mr. Jewett, and was asked for blanks upon which to make proof of death. The company refused to furnish the blanks, and waived proofs of death. The policy of insurance, after the first year's payment, which was paid in advance, required a like amount to be paid each year thereafter in four installments " on or before the first day of August, November, February, and May in every year, until ten full annual premiums have been paid, or until the prior death of the insured." The insurance covered the life of James H. Jewett—

" In the amount of $500, commencing on the first day of August, 1902, at noon, for a period of five years, and in the amount of $1,000, commencing on the first day of August, 1907, at noon, and continuing for a period of five years; and doth hereby promise and agree to pay the amount of said insurance at its office in the City of Des Moines, Iowa, to Mrs. Ina L. Jewett, wife, her executors, heirs, administrators or assigns, upon receipt and approval at said office of proofs, as hereinafter required, of the death of the insured during the continuance of this policy.

" Should this policy be kept in force for the full term of ten years (no death liability having accrued hereunder), then the said company doth promise and agree to pay to

the legal holder hereof, at its Home Office, the sum of $1,000 and all accumulations in excess of said guarantee which the full amounts to the credit of this policy in the reserve and savings funds may produce.

" This policy is issued subject to the provisions, regulations and agreements stated on the subsequent pages hereof, which are hereby referred to and made a part of this contract."

It further provides:

" The nonpayment of any premium when due shall forfeit all premiums paid on this policy, and terminate the liability of the company thereunder except as hereinafter provided."

There was a clause for the reinstatement of a lapsed policy, which is as follows:

" This policy may be reinstated during the life of the insured at any time within twelve months of date of lapse by the payment of all past due premiums, and a fine of ten per cent. per annum on such overdue premiums."

Under the head of "general regulations" there was a clause which provided:

"Any indebtedness to the Company, including any balance of the current year's premium remaining unpaid, will be deducted in any settlement of this policy or any benefit thereunder."

The above facts were agreed to, so there is no disputed question of fact involved. The court directed a verdict for the defendant, holding that the policy had become forfeited because of the failure to pay the premium due November 1st.

*George P. Voorheis* and *Fred B. Willard,* for appellant.

*Wilkinson, Post & Oxtoby,* for appellee.

GRANT, J. (*after stating the facts*). 1. Mr. Jewett was an agent of the insurance company, and familiar with

the various forms of its policies. He deliberately chose his form of policy, with full knowledge of all its terms and conditions. There is no claim of any unfair conduct on the part of the company. The application and the policy indicate that the policies under this form of insurance were to commence on the first day of some month. Mr. Jewett chose to have his policy dated the 1st of August, rather than the 1st of September following. The terms of the policy are so clear and explicit that "he who runs may read" it and understand it. It provided for the payment of $100 to cover the first annual premiums for one year, running from the 1st day of August to the 1st of August following. It provided that the premiums thereafter should be paid in quarterly installments of $25 each on or before the 1st day of certain months, and that failure to pay as provided should result in the forfeiture of the policy. There is always a time between the application for a policy and its issuance by the company, where it is expressly so provided, that liability does not attach. That fact, however, does not operate to change the times and terms of payment expressly provided in the policy itself. The contention of the learned counsel is that, inasmuch as the policy in question was not in force until the 18th day of August, therefore the payments of the quarterly premiums were postponed 18 days. It would follow also that, had Mr. Jewett lived 10 years, the policy would not have become due until the 18th day of August, 1912, instead of August 1st, as expressly provided in the contract. To so hold would not be the interpretation of ambiguous language, but would result in a court-made contract. *Sydnor* v. *Insurance Co.* (Pa.), 26 Super. Ct. Rep. 521; *Thomas* v. *Insurance Co.*, 142 Cal. 79; *Methvin* v. *Life Ass'n*, 129 Cal. 251; *McConnell* v. *Assurance Society*, 92 Fed. 769; *Bryan* v. *Insurance Ass'n*, 21 R. I. 149.

2. It is urged that the receipt of the premium due August 1st, after another premium was due November 1st, is a waiver of the nonpayment of November 1st. On October 27th, Mr. Jewett wrote for the amount of pre-

mium then due on his policy, evidently knowing that he was chargeable with interest from the 1st of August should the company see fit to accept the defaulted payment, and thus keep the policy in force. On October 31st the company replied, stating the amount, and on November 4th Mr. Jewett remitted the amount. Mr. Jewett knew that there was another premium which would be due on November 1st. The correspondence had no reference whatever to future premiums. It related solely to a past-due premium, and the only one then due, and the receipt expressly mentioned it as a past-due premium. The company was under no legal obligation to notify Mr. Jewett that another premium would soon be due. He was not prejudiced by the action of the company, and its receipt did not operate as a waiver of the November premium.

The judgment is affirmed.

CARPENTER, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.