HATTIE B. TIGG, Appellant, v. REGISTER LIFE AND ANNUITY INSURANCE COMPANY OF IOWA.

**Life insurance:** FAILURE TO PAY PREMIUM: FORFEITURE. Where it was provided in a policy of life insurance issued Sept 23, 1907, that the annual premiums should be paid on August 7th each year, and also provided that thirty days grace should be granted for payment of all premiums, failure to pay a premium within thirty days from the date specified for payment forfeited the policy.

**Same:** CONVERSION FROM TERM TO LIFE POLICY. The policy in this case also provided that during the first year from date it should be a term policy, and if the second year's premium be then paid it should become a limited payment life policy. *Held,* that the contract could be converted into a limited payment life policy by payment of the second year's premium at any time within a year from the date of the policy, and was not limited by the thirty days' grace.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

FRIDAY, NOVEMBER 17, 1911.

ACTION on life insurance policy resulted in the dismissal of the petition. The plaintiff appeals.—*Affirmed.*

*J. T. Illick,* for appellant.

*Blake & Wilson* and *Wilson, Grille & Wilson,* for appellee.

LADD, J.—The defendant is a mutual insurance com-

pany, to which Stephen L. Tigg, on August 7, 1907, made written application for insurance, and executed to the company his note for $38.98, the first year's premium, payable in three months. On September 20th following, he submitted to a medical examination and on the 23d day of September the policy was issued and forwarded to him. He died October 22, 1908, without paying the note or other premium. The sole question for our determination is whether the policy was in force at the time of his death.

1. LIFE INSURANCE: failure to pay premium: forfeiture.

It provided that: "In consideration of the application for this policy, and each of the statements and agreements made therein, which are made a part of this contract, and of the sum of thirty-eight dollars and ninety-eight cents, to it in hand paid, and of the annual premium of thirty-eight dollars and ninety-eight cents, to be paid at the office of the company in the city of Davenport, Iowa, at or before twelve o'clock M., on the 7th day of August in every year during the life of the insured (provided that when premiums for twenty full years shall have been duly paid said company no further premiums will be required)."

It further provided that the company shall pay a specified indemnity upon the death of the insured; that the policy shall be noncontestable after two years, and nonforfeitable after three, if all premiums were paid, and proceeded:

It is understood and agreed that during the first year from the date hereof, this policy shall be one of term insurance, and that if the second years' premium be then paid, this policy shall become a limited payment life policy and the company shall begin on the 7th day of August, 1908 (and age 41 of the insured) and maintain a reserve due to this policy for such age, as provided by the laws of the state of Iowa, and invest the same in interest bearing securities, which shall be deposited with the state of Iowa, in trust, for the benefit of this policy, in compliance with the laws of said state. This policy shall not take effect

until the first premium shall have been paid while the insured is in good health, and is issued and accepted by the parties in interest upon the condition that the explanations and provisions written or printed by the company upon the back hereof are accepted by the insured as a part of this contract as fully as if they were recited at length over the signatures hereto affixed. In witness whereof, the Register Life & Annuity Insurance Company of Iowa has caused this policy to be signed by its proper officers, at its office in the city of Davenport, Iowa, this 23rd day of September, A. D. one thousand, nine hundred and seven. P. W. McManus, President. [Signed] W. M. Radcliffe, Secretary. [Seal.]

It did not provide for forfeiture in event of nonpayment of premium, but on the back were clauses which allowed the insured, in event of default after the payment of three annual premiums, at his option, to take an amount in cash, or a paid-up policy for a sum to be found in a table thereon; or, upon his failure to exercise the option, the policy would run for a term therein specified. There was also a clause providing that "a grace of thirty days (during which the policy will remain in full force) is granted for the payment of all premiums after they became due, without medical re-examination." It is conceded by virtue thereof that the policy continued in force thirty days after the second premium became payable, and if this was August 7, 1908, as contended by appellee, the time expired September 7, 1908; but if it was September 23, 1908, as contended by appellant, then it expired October 23, 1908, or one day after the insured's death. The policy was issued in consideration of the present payment of the premium "and of the annual premium . . . to be paid . . . at or before 12 o'clock M., on the 7th day of August in every year during the life of the assured." Even though this fixed the date of the second payment less than a year after the issuance of the policy, it definitely determined the dates at which all premiums were payable, and the thirty

days' grace would not extend the time within which payment might be made beyond September 7, 1908. Fraud is not charged, as was done in *McMaster v. New York Life Ins. Co.*, 183 U. S. 25, (22 Sup. Ct. 10, 46 L. Ed. 64), and there is no ground for not so construing the instrument. *Rose v. Mutual Life Ins. Co.*, 240 Ill. 45, (88 N. E. 204).

Is this conclusion obviated by the stipulation "that during the first year from the date thereof this policy shall be one of term insurance," and that, "if the second year's premium be then paid, the policy shall become a limited payment policy and the company shall begin on the 7th day of August, 1908," the accumulation of a reserve? The policy was dated September 23, 1907, and plainly enough the term insurance extended until a year therefrom. This does not purport to change the time when the premiums "become due," but did give the insured a full year's term insurance, and, even though the thirty days grace may have expired, allowed the insured to convert his term policy into a life policy by payment at any time before the termination of the term insurance. In other words, the premiums became due on August 7, 1908, as expressly stipulated, but continued payable, not only during the thirty-day period of grace, but in the first year, until the termination of the one-year term.

2. SAME: conversion from term to life policy.

That an insurance contract, when of doubtful meaning or expressed in ambiguous language, is to be construed the more strictly against the insurer is well settled; but the long-established canons of construction are not to be ignored in so doing. One of these is that, when possible, all the conditions of a contract are to be construed so as to give effect to each. This is accomplished by the construction stated, which seems reasonable, and, as it gives to the assured precisely what he paid for, is just. To hold otherwise, and as contended by appellant, would do violence

to the language employed in the policy, and accord it a meaning not to be inferred therefrom.

We are of the opinion that the term insurance had terminated before the insured's death, and that the contract was never converted into a life policy by payment of the second premium during the term, or within thirty days after it became due, and for this reason the court rightly dismissed the petition.—*Affirmed.*