[No. 8329.]

## CANDELARIA V. COLUMBIAN NATIONAL LIFE INSURANCE COMPANY.

INSURANCE—*Agreed Construction of Policy—Effect.* Agreement between the insured and the insurer as to the construction of the policy, not in conflict with the words of the policy, nor in violation of any statute, authorized regulation, or public policy, and acted upon by both, will be accepted as conclusive in an action upon the policy. (342, 343.)

*Error to Denver District Court.* Hon. JAMES H. TELLER, Judge.

Messrs. GOUDY, TWITCHELL & BURKHARDT, for plaintiff in error.

Mr. CLARENCE A. BRANDENBURG, for defendant in error.

HILL, J., delivered the opinion of the court.

This action involves the interpretation to be given a life insurance policy issued February 19, 1907, by the predecessors of the defendant in error, and by it assumed as its own, to and upon the life of Anamaria Q. Candelaria, wherein the plaintiff in error, her husband, was named the beneficiary. Mrs. Candelaria departed this life May 14, 1912. The company refused payment. The plaintiff in error, as beneficiary, brought this action to recover thereon. Trial was to the court. The judgment was in favor of the defendant company.

The plaintiff contends, that, although when issued the policy was a term policy, upon payment of the second annual

premium it was merged into a twenty-year limited payment life policy, which dated from February 19, 1907, and for which reason the reserve should be computed upon the merged policy upon the full twenty-year plan, not excluding the first year; that, if this position is sound, the reserve, at the time of the death of the insured, was sufficient not only to pay the loan secured by the insured thereon, but to carry the policy beyond the date of the death of the insured under the automatic non-lapsing clause; that, if wrong in this concerning amount of the reserve, yet, under the terms of the policy, a loan secured thereon cannot be deducted from the reserve accumulated thereunder, but it, the entire reserve, must be used under the non-lapsing clause; that the policy loan could only be deducted from the face of the policy when paid to the beneficiary; that when given this construction, under the automatic non-lapsing clause, there was sufficient in the reserve fund to pay the premium, which kept the policy alive; that if neither of these positions is sound, there was no forfeiture under the terms of the policy loan, by notice to the insured, and until this was done, the policy was still in force.

The court found that at the time the loan was secured the parties, including the beneficiary, agreed to a construction of the policy to the effect that, upon securing the loan, in case no further premium payments were made, at the time the next one became due the policy would lapse, that the loan thereby became paid without further liability against the insured on account thereof, and gave judgment accordingly, which was in favor of the defendant.

It is admitted, that at the time of the issuance of this policy, February 19, 1907, the insured paid the premium for one year, viz: $163.25, and upon February 19th of the years 1908 to 1910, inclusive, paid a like amount; that upon February 19, 1911, she paid $11.50 in cash and the balance for that year by a note for $151.75; that upon October 28, 1911, the insured applied to and secured from the defendant com-

pany a loan upon the policy in the sum of $375, $164.37 of which was by consent applied in payment of the insurance premium note theretofore given, and the balance $210.63 was paid to the insured in cash. The premium of $163.25 due upon the policy February 19, 1912, was not paid, and no part of the policy loan or interest was ever paid. The insured died May 14, 1912, for which reason it stands admitted that, per its terms, the policy was not then in force unless continued by virtue of its automatic non-lapsing clause.

The policy provides for loans upon it as the sole security under the terms of the company's loan agreement. Such an agreement was signed by the insured. The policy was also assigned by her to the company, and both were delivered to it at the time of the making of this loan. Considerable testimony was introduced concerning the proper meaning to be given to the different paragraphs of this policy which the plaintiff in error alleges is ambiguous, and to the admission of a great deal of which he objects as incompetent. He also seeks to make applicable to these paragraphs the rule that where there is any doubt or ambiguity it should be interpreted against the company which drafted the contract. Numerous authorities are cited which disclose an irreconcilable conflict of authority concerning the interpretation of different paragraphs of life insurance policies, but we deem it unnecessary to go into these matters in this case, or the testimony concerning the meaning to be given these paragraphs, as the uncontradicted testimony supports the court's findings that the parties to this instrument agreed to a construction of it and acted accordingly. As formerly stated the court found that a part of the agreed construction of the policy by the parties was that in case the loan was made and the insured failed to pay any premiums or interest on the loan beyond the then policy year, that the policy would lapse, the loan be charged off without any future liability against the insured upon account thereof. The death of the insured

was after all of this—to which she and the beneficiary had agreed—had happened. This construction not being in conflict with any language in the policy, nor in violation of any statute, authorized regulation nor against public policy, the courts ought not to be called upon later to give to it a different meaning than agreed to and acted upon by the parties to it and those interested therein. Vol. 9 Cyc., 588; *Manhattan L. Ins. Co. v. Wright*, 126 Fed. 82, 61 C. C. A. 138; *Lovell v. Goss*, 45 Colo. 304, 101 Pac. 72, 22 L. R. A. (N. S.) 410, 132 Am. St. 184; *Baird v. Baird*, 48 Colo. 506, 111 Pac. 89; *Washburn v. Williams*, 10 Colo. App. 153; *U. P. Ry. Co. v. Anderson*, 11 Colo. 293, 18 Pac. 24.

The judgment is affirmed.

*Affirmed.*

GABBERT, C. J., and SCOTT, J., concur.