NATIONAL EQUITY LIFE INSURANCE COMPANY *v.*
BOURLAND.

Opinion delivered April 15, 1929.

*Bullion & Harrison* and *C. M. Buck,* for appellant.
*Nelson & Crawford,* for appellee.

McHANEY, J. On July 13, 1925, John G. Bourland, now deceased, applied to appellant for two policies of life insurance for $5,000 each, carrying an annual premium of $217.99 each. These policies were issued, and dated October 3, 1925, at the request of the insured, who desired the premiums to become due on that date. In order to cover the risk between July 13 and October 3, appellant issued, to be attached to each policy, its "preliminary term insurance rider," reading as follows:

"In consideration of the request contained in the application for this policy, and the payment of $2.77 (two dollars and 77/100), same being the preliminary term rate for three and one-third months' yearly renewable term life insurance, the annual premium date of said policy is hereby changed from the 13th day of July, 1925, being the date of the application for this policy, to the 3rd day of October, and annually thereafter until maturity, and said policy No. 2070 is by this preliminary term insurance rider now placed in effect for $1,000."

A like rider was attached to policy 2071, being the other policy issued at the time. The insured executed and delivered to the agent of appellant his notes for the total amount of the premium on both policies and the preliminary term insurance, due October 1, which notes were forwarded to appellant by the agent. Prior to the due date of these notes, on September 28, 1925, the insured wrote appellant, advising it of his inability to pay the notes when due, requesting that the notes be returned to the agent, and that he be permitted to pay the premium in quarterly installments "of $57.77 on each policy, together with the $5.54 additional premium to October 3, on the term rate." His request was complied with by appellant, and on the 3d day of October, 1925, the insured executed and delivered to appellant the following written request as to each policy: "I hereby request that the annual premium of $217.99 be changed to a quarterly premium of $57.77, to be paid in advance on October 3, January 3, April 3, and July 3 of each policy year. The payment of any installment shall not maintain the policy in force beyond the time the next installment becomes due. This request, when accepted by the company, is to be filed with the original application, and to continue in force until changed by agreement."

Shortly thereafter the insured paid the quarterly premium on each policy due October 3, in the sum of $57.77 each, and the preliminary term premium on both policies, amounting to $5.54, which paid the premiums to January 3, 1926. Under date of November 3, when these policies had "been in force just one month today" as stated by the insured in his letter to the company, he requested appellant to cancel one of the policies and apply the premium already paid on it to the payment of the quarterly premium thereafter to become due on the other, which appellant did by canceling policy 2071 and giving him credit on policy 2070 for the full quarter's premium, although 2071 had been in force for one month. The effect of this was to pay the premium on policy 2070

until April 3. On that date the next quarterly premium became due on policy 2070, and although the insured was frequently notified regarding the due date, and thereafter, during the thirty days of grace allowed in which to pay the premium due April 3, he was several times warned that, if he failed to pay the premium by May 3, the policy would lapse, he neglected to pay same, and died on May 17.

Appellees, who are the beneficiaries in this policy, demanded payment of the $1,000 due under the policy if death occurred during the first year, which was refused, and this suit followed. The case was tried to the court sitting as a jury, and it found that, under the terms of the policy, "there are conflicting statements as to the length of time the premium on the policy had been paid, one statement saying the amount paid was the premium for three and a third months, the other saying that it was the premium to the 3d day of October, 1925." On that account the court held that the policy must be construed most strongly against appellant and in favor of the insured, and that the effect of the clause in the preliminary term insurance rider, that the $2.77 paid, "being the preliminary term rate for three and one-third months," carried the preliminary term insurance until October 23, and that the quarterly premium dates began at that time, which would have made the premium paid carry the policy to April 23, and that the thirty days of grace allowed to pay the April premium would keep the policy in force beyond the date of the death of the insured. Accordingly judgment was rendered against appellant for $1,000, penalties, and attorney's fee.

Clearly the court erred in its findings of fact and conclusions of law. Appellant requested the court to declare that, under the facts in this case, the policy sued on lapsed on the 3d day of May, 1926, for failure to pay the premium due thereon on the 3d day of April, and that, under the facts and the law, there could be no recovery. The court should have so found. It is true that con-

tracts of insurance will be construed most strictly against the insurer, and that, where there are conflicting provisions in the policy, the one most favorable to the insured will be given effect. Here, however, both parties to the contract understood that the preliminary term insurance from July 13 to October 3 was for two and two-thirds months, and until October 3 only, at which time the regular premium on the policy became due. The secretary of the company testified that the $2.77 mentioned in the rider was the preliminary term rate for two and two-thirds months instead of three and one-third months, as mentioned in the rider, and that the mention of three and one-third months in the rider was a mere error in writing the rider. The rider itself says that the preliminary term insurance is only paid from the 13th day of July to the 3d day of October, 1925, and the letter of the insured, heretofore quoted, dated September 28, 1925, to the company, specifically stated that the $5.54, being the amount due on both policies for the preliminary term insurance, paid the preliminary term insurance to October 3 only. So it will be seen that both parties have given the same construction to the contract.

It is clearly manifest that both parties intended that the preliminary term insurance began on July 13 and terminated October 3, and it is a well established principle of law that, in the interpretation or construction of contracts, the construction the parties themselves have placed on the contract is entitled to great weight, and will generally be adopted by the courts in giving effect to its provisions. This is especially true in case of ambiguity in the written contract. Two of our recent cases to this effect are: *Temple Cotton Oil Co.* v. *Southern Cotton Oil Co.*, 176 Ark. 601, 3 S. W. (2d) 673, and *Webster* v. *Telle,* 176 Ark. 1149, 6 S. W. (2d) 28.

The insured in his lifetime never, at any time, questioned the correctness of the quarterly premium dates, of which he was frequently notified by appellant, but, on the contrary, himself affirmatively stated that the amount

he paid on the preliminary term insurance carried it only to October 3. The policy having lapsed on May 3 for failure to pay the premium due April 3, there was no liability, and there can be no recovery.

The judgment will be accordingly reversed, and the case dismissed.