CRAIG *v.* GOLDEN RULE LIFE INSURANCE COMPANY.

Opinion delivered June 29, 1931.

*J. A. Watkins,* for appellant.

*Verne McMillen,* for appellee.

KIRBY, J., (after stating the facts). It is insisted for appellants that, October 10th being the day the policy was delivered and received by the insured, it thereafter fixed the 10th day of each succeeding month as the due date of the premium thereon, and the insured being entitled to 20 days' grace on the payment of premiums, the policy was in force on June 29, 1930, when the insured was killed.

The meaning of the contract is clear and unambiguous, and its terms were well understood and recognized by the insured and the insurer. The application made on September 28, 1929, recited that the second premium would be due on November 1, 1929; the policy was dated October 9, 1929, the day it was mailed to the insured, and recited that it was granted in consideration of the application and the payment of 85 cents on or before the first day of October, 1929, and a like payment on or before the first of each month during the calendar year and monthly payments in advance thereafter, increasing annually on January first of each year in accordance with the Cash Savings Step Rate Plan.

The policy was mailed to the insured on October 9, 1929, received by him on October 10, 1929, and kept in his possession, apparently, during the entire period, until his death.

There is no contention that he was not thoroughly familiar and conversant with the terms thereof, and it is specifically agreed that the premiums were due on the first day of each calendar month when he made application for reinstatement on January 23, 1930.

The parties both evidently interpreted and construed the contract when the application for reinstatement was made, and their construction is entitled to great weight in the correct interpretation of it.

In *National Equity Life Ins. Co. v. Bourland*, 179 Ark. 398, 16 S. W. (2d) 6, where the insured recognized the correctness of the quarterly premium due, of which he was notified frequently by his insurer, his failure to pay a quarterly premium, when due, was held to forfeit his policy; the court saying:

"It is a well-established principle of law that, in the interpretation or construction of the contract, the construction the parties themselves have placed on the contract is entitled to great weight, and will generally be adopted by the courts in giving effect to its provisions. This is especially true in cases of ambiguity in the written contract. Two of our recent cases to this effect are:

*Temple Cotton Oil Co.* v. *Southern Cotton Oil Co.*, 176 Ark. 601, 3 S. W. (2d) 673; and *Webster* v. *Telle,* 176 Ark. 1149, 6 S. W. (2d) 28.''

In the instant case the insured recognized the correctness of the date for payment of the monthly premiums, and specifically agreed that the first day of each month was the due date thereof. He was notified each month that the premium would be due on the first day of the month, and paid it prior to the 20th day of each month, while the policy remained in force with the exception of the month of January. He did not pay the January premium until after the 20th, and on the 23rd made application for reinstatement, recognizing the first of the month as the due date and the necessity for reinstatement of his insurance because of his failure to pay by the 20th and thereby prevent the lapse of the policy. After his reinstatement, he recognized the first day of the month as the due date and paid the premiums accordingly. He was notified of the date of the premium becoming due, the premium for the nonpayment of which the policy lapsed. He had a second notice of that date, and afterwards was notified that his policy had lapsed because of the failure to pay the premium on the due date, and he made no objection or claim that there was any mistake about the date for the payment of the premium or contention that the policy did not lapse because of the failure to pay then or within the period of grace allowed therefor.

The parties made their own contract, which is free from ambiguity and necessarily must be enforced according to its terms. The beneficiaries must stand in the shoes of the insured and will be bound by the terms of the policy issued; and the insured accepted and retained, without objection, the policy until it was forfeited for nonpayment of premiums upon the date fixed by its terms. *Methvin* v. *Fidelity Mutual Life Association,* 129 Cal. 215, 61 Pac. 1112; *Wilkinson* v. *Commonwealth Life Ins. Co.* 176 Ky. 833, 197 S. W. 557. See also *Tibbits* v. *Mutual Benefit Life Ins. Co.,* 159 Ind. 671, 65 N. E. 1033; *Jewett*

v. *Northwestern Nat. Life Ins. Co.*, 149 Mich. 79, 112 N. W. 734; *Wilkie* v. *New York Mutual Life Ins. Co.*, 146 N. C. 520, 60 S. E. 427; *Tigg* v. *Register Life & Annuity Ins. Co.*, 152 Iowa 720, 133 N. W. 322; *Rose* v. *Mutual Life Ins. Co.*, 240 Ill. 45, 88 N. E. 204.

We find no error in the record, and the judgment is affirmed.