## NEW YORK LIFE INS. CO. v. TOLBERT.
### No. 527.

Circuit Court of Appeals, Tenth Circuit.
Jan. 5, 1932.

The District Court ruled it was and rendered judgment for the appellee. The company appeals and assigns the judgment as error, contending the policy had lapsed before his death, for nonpayment of the necessary premium.

The application for the insurance was dated August 14, 1928, and stipulated that it should not take effect "unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his life time." The policy was both dated and executed on August 23, 1928. It contained these provisions:

"This contract is made in consideration of the application therefor and of the payment in advance of the sum of $363.00, the receipt of which is hereby acknowledged, constituting the first premium and maintaining this Policy for the period terminating on the Twenty-third day of August, Nineteen Hundred and Twenty-nine, and of a like sum on said date and every Twelve calendar months thereafter during the life of the Insured. * * *

"This Policy takes effect as of the Twenty-third day of August, Nineteen Hundred and Twenty-eight, which day is the anniversary of the Policy."

The policy recites the contract was to consist of the policy and the application therefor, and was to be deemed as made and payable in Colorado. There were provisions that grace of one month was allowed for the payment of every premium after the first; it might be paid annually, semiannually, or quarterly in advance; the payment was not to maintain the policy beyond the time the next payment should become due (except as to certain benefits), and the policy was incontestable after two years from date of issue except for nonpayment of premium.

The policy was sent to the soliciting agent; he delivered it to the insured on September 1, 1928, and on that date the first payment of premium was made.

On August 16, 1929, the insured wrote the company the premium of $363 was due on August 23, 1929, he wished to make quarterly payments, and asked the amounts due on that plan. On his request, the company agreed to quarterly payments of $96.30 each, specifying that the terms and conditions of the policy, including its anniversary date, should remain unchanged. On September 21, 1929, he wrote the company, remitting $96.30 by a special delivery letter, in order to reach the company on Septem-

Henry McAllister, of Denver, Colo. (Louis H. Cooke, of New York City, on the brief), for appellant.

Erskine R. Myer, of Denver, Colo. (Norton Montgomery, of Denver, Colo., on the brief), for appellee.

Before COTTERAL and PHILLIPS, Circuit Judges, and POLLOCK, District Judge.

COTTERAL, Circuit Judge.

The appellant issued a policy, dated August 23, 1928, for $10,000, to Don A. Tolbert, naming his wife, the appellee, as his beneficiary, in consideration of an annual premium of $363, for the period of one year from said date, and a like payment each year thereafter. He died on December 30, 1929. After proofs of the death were furnished by the appellee to the company and payment of the insurance was refused, she brought this suit on the policy. The cause was tried upon an agreed statement of the facts. The question involved was whether, by virtue of the premiums paid, the policy was in force at the death of the insured.

ber 23. The company issued its receipt to him, reciting the due date of the premiums as August 23, 1929. He wrote the company on November 24, 1929, stating his quarterly premium of $96.30 was due, he could not afford those payments for the next few months, and he would like to split the policy "up to where my payments would not exceed $40.00 per quarter, and have option (if possible to arrange it) of going back later on and paying up the difference."

On November 27, 1929, the company replied, suggesting that, if he could not pay the premiums every three months, the insurance be reduced by a form inclosed to $5,000 at a quarterly premium of $48.15, adding that the last day of grace of the November premium would expire December 23, and asking a remittance of $48.15 on the changed basis, on or before that date. On December 5, 1929, the company wrote him it would be pleased to receive the changed form, with check for $48.15, the quarterly premium on the new basis, on or before December 23, the last day for the payment of the November 23d quarterly premium. On December 13, 1929, the company wrote him it had not received the quarterly premium of $48.15, reminding him that December 23 was the last grace day for payment of the November 23d premium, and urging such payment by that date.

On December 18, 1929, he wrote the company that conditions compelled him to lapse the policy, but he wished some arrangement, if possible, for reinstatement, as he expected to have $200 or $300 in March or April, for payment on premiums.

On December 23, 1929, the company replied that, if he became able later to take up a part of the policy or fully pay the premiums, it would advise him of the requirements for re-instatement.

There were no further communications between the parties. The inquiry is whether the policy had lapsed at the death of the assured on December 30, 1929, or was still in force. It is obvious the decisive point is the date on which the premium fell due; in other words, the anniversary date of the policy. If it was on August 23, as appellant claims, then, as the premium was paid only for a year and a quarter and up to November 23, 1929, and one month of grace being added, the policy lapsed on December 23, 1929, which was seven days before the death of the assured. But if, as appellee claims, the premium date and the anniversary of the policy was September 1, then the policy was in force until one day after his death.

In our opinion, the premium due date was August 23, because the policy expressly provided that the insurance was made in consideration of the first premium carrying the policy until August 23, 1929, and of a like sum on said date each year thereafter, and, further, that August 23 was the anniversary of the policy. True, the application recited that the insurance should not take effect unless the policy should be delivered and received by the applicant and the first premium should be paid. And counsel for appellee, insisting there is a conflict in these provisions, invoke the settled rule, where there is ambiguity in an insurance contract it should be resolved in favor of the assured. But there was no such conflict of agreement with regard to the due date of the premiums and the anniversary of the policy. The policy fixed those dates and the application merely annexed a condition precedent to the liability of the insurance company and not to the existence of the policy. Hurt v. N. Y. Life Ins. Co. (C. C. A.) 51 F.(2d) 936.

The question whether there is a conflict between like terms of a policy and an application has been decided in, many cases. It is thoroughly settled by the authorities that there is none, and that the policy alone embodies the contract of the parties. The principle was reaffirmed in the Eighth circuit as late as December 1, 1931, in New York Life Ins. Co. v. Silverstein, 53 F.(2d) 986, where the precedents cited were McCampbell v. New York Life Ins. Co. (C. C. A.) 288 F. 465, McConnell v. Prov. Sav. Life Assur. Soc. (C. C. A.) 92 F. 769, and Sellars v. Cont. Life Ins. Co. (C. C. A.) 30 F.(2d) 42. It is unnecessary to cite the numerous decisions to the same effect.

But if it be assumed the contract of these parties was ambiguous, the premium due dates and the anniversary of the policy were as fixed by the policy. One reason is that the policy rather than the application then controls. N. Y. Life Ins. Co. v. Silverstein, supra; N. Y. Life Ins. Co. v. Cohen (D. C.) 48 F.(2d) 903. Another reason is that the correspondence of the insured showed he clearly understood those dates, and this construction of the contract with which the company agreed is not only entitled to great weight, but it is also the best indication of the meaning of the contract. Brooklyn L. Insurance Co. v. Dutcher, 95 U. S. 269, 24 L. Ed. 410; Manhattan Life Ins.

Co. v. Wright (C. C. A.) 126 F. 82; Candelaria v. Col. N. L. Ins. Co., 60 Colo. 340, 153 P. 447; Mut. Life Ins. Co. v. Hill, 193 U. S. 551, 24 S. Ct. 538, 48 L. Ed. 788. But, as heretofore stated, no such ambiguity existed. As was aptly ruled by Judge Sanborn in Standard L. & A. Ins. Co. v. McNulty (C. C. A.) 157 F. 224, 226, a rule of construction "ought not to be permitted to have the effect to make a plain agreement ambiguous, and then to interpret it in favor of the insured."

Counsel for the appellee contend that by the laws of Colorado the policy was in force at the death of the insured. We do not find any provision therein which justifies that contention. We advert to statutes cited which appear to bear on the subject.

Section 2528, Comp. Laws 1921, prohibits discrimination between insurants of the same class, etc., or in other terms and conditions. Session Laws, 1927, c. 115, p. 450, provides that a policy shall by its terms constitute the entire contract; no statement by the assured shall avoid the policy unless contained in a written application indorsed upon or attached to the policy; and there shall be a grace of one month for the payment of every premium after the first year. Only one of these provisions is pertinent, and it is that the policy shall constitute the contract. But the application was made a part of the policy in suit, and, furthermore, if it were not so, the appellee may not claim it had any force as a part of the contract.

It is argued that, as the policy authorized a grace of one month for the payment of every premium after the first, and the statute reads "for the payment of every premium after the first year," the insurance was valid from September 1 to December 1, 1929, plus one month, or up to December 31, 1929. But this is a misconception, which arises from the erroneous assumption that the statute refers to years dating from the delivery of the policy instead of years which by the contract followed the dates of the policy and of the premium payments.

The insistence that the policy permits any discrimination between insurants is without support in any of the terms of the policy in suit. The remaining contentions based on the state law are not deemed to possess merit.

Many cases are cited by counsel for appellee to sustain her claim. Generally, the facts upon which they proceed are so vitally different from those shown here that the citations are not in point. It would be a vain effort to analyze them and point out the difference. It may not be amiss, however, to notice McMaster v. New York Life Ins. Co., 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64, on which appellee relies. In that case, the understanding of the assured and agent of the company was that payment of one year's premium obtained insurance for thirteen months. That period had not expired at the death of the assured. It was held the company might not maintain the insurance ran from the earlier date of the application and lapsed before his death, when it appeared the agent had inserted in the application, without the knowledge or consent of the assured, a request that the policies be dated and take effect on the date of the application; and it was further held that the plaintiff was not estopped to deny the insurance was forfeited in thirteen months from that date. It is obvious the case is inapplicable, and the courts have distinguished it. Forch v. West L. I. Co., 157 Ill. App. 244; Johnson v. Mut. Benefit L. Ins. Co. (C. C. A.) 143 F. 950; Tigg v. Register L. & A. Ins. Co., 152 Iowa, 720, 133 N. W. 322; Pladwell v. Trav. Ins. Co., 134 Misc. Rep. 205, 234 N. Y. S. 287; Wilkie v. N. Y. Life Ins. Co., 146 N. C. 513, 60 S. E. 427; McCampbell v. N. Y. Life Ins. Co. (C. C. A.) 288 F. 465; Wilkinson v. Commonwealth L. Ins. Co., 176 Ky. 833, 197 S. W. 557, 6 A. L. R. 769.

It was certainly competent for the parties to this insurance to agree upon the dates of the policy and of the premium payments. Mut. Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Whitney v. Union Cent. L. Ins. Co. (C. C. A.) 47 F.(2d) 861. Accordingly, the policy lapsed on December 23, 1929, before the death of the insured, for the nonpayment of premium required by the contract of the parties. New York Life Insurance Co. v. Statham, 93 U. S. 24, 23 L. Ed. 789; Klein v. Insurance Co., 104 U. S. 88, 26 L. Ed. 662; Lincoln Nat. Life Ins. Co. v. Hammer (C. C. A.) 41 F.(2d) 12.

The District Court therefore erred in rendering judgment for the appellee. The appellant should have prevailed. The judgment is reversed, and the cause is remanded, with direction to render judgment dismissing the action, and taxing all costs to appellee. Howbert v. Penrose (C. C. A.) 38 F.(2d) 577, 68 A. L. R. 820.

Reversed.