MISSOURI STATE LIFE INSURANCE COMPANY *v.* ROSS.

Opinion delivered April 4, 1932.

*Allen May, J. R. Burcham, Chas. Frierson, Jr.,* and *Chas. D. Frierson,* for appellant.

*Wm. F. Kirsch,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the insurance company, under the policy and application therefor, upon default in the payment of premiums without any further written request for "automatic premium loan" had the right to charge the delinquent premiums against the insured as such "auto-

matic premium loans," and, having done so, even if it had no such right without the written request, its action having been acquiesced in by the insured, the beneficiary was thereafter precluded from recovering anything under the lapsed policy upon the theory that, if it had issued extended insurance instead of payment of premiums under the . "automatic premium loan" provision, the' policy would have been continued in force until after the death of the insured.

The parties both evidently understood and construed the contract alike in the application of the "automatic premium loans" to the payment of premiums, the insured being regularly notified thereof and making no objections whatever to such procedure; and their construction of the contract is entitled to great weight in the correct interpretation. *Craig* v. *Golden Rule Life Ins. Co.*, 184 Ark. 48, 41 S. W. (2d) 769.

The insured paid very few premiums except with the benefit of the "automatic premium loan," and was repeatedly notified of the failure to pay such premiums and finally of the lapse of the policy almost two years before his death. He evidently recognized the correctness of the claims of his failure to pay the insurance premiums when due and the application by the appellant company of the "automatic premium loans" to their payment, and made no objection whatever at any time to such procedure nor any protest or objection to the correctness of the company's notification of the lapse of the policy on September 24, 1928.

Certainly this was acquiescence in the application of the "automatic premium loans" by the company to keep the insurance in force as well as in the correctness of its notification of the forfeiture of the policy because of the failure to pay the premiums, and was binding on the beneficiary who must stand in the shoes of the insured and be bound under the terms of the policy issued.

She could not, therefore, upon learning after insured's death that the application of the cash surrender value of the policy at a particular time during its life

to the purchase of extended insurance, instead of its being used for the payment of premiums under the "automatic premium loan" provision, as was done with acquiescence of the insured, change the application of the cash surrender value to the purchase of extended insurance in order to keep the policy in force beyond the date of the insured's death, entitling her to recover thereon. *Mass. Mut. Life Ins. Co.* v. *Jones,* 44 Fed. ('2d) 540.

It follows that the court erred in holding otherwise, and must be reversed on that account, and, the cause appearing to have been fully developed, it will be dismissed. It is so ordered.