### FORBRIGER v. METROPOLITAN LIFE INS. CO.
### No. 8855.

District Court, W. D. Missouri, W. D.
Dec. 12, 1934.

G. W. Duvall, of Kansas City, Mo., for plaintiff.

William C. Michaels, of Kansas City, Mo., for defendant.

REEVES, District Judge.

Both parties have filed motions for judgment on the pleadings. Under such circumstances the entire record will be examined and considered.

The following appear to be the undisputed facts:

One Emil Forbriger of Atchison, in the state of Kansas, became a policyholder of the defendant. The policy was dated May 15, 1919. Future annual premiums, according to the stipulations of the policy, were payable on the anniversary of that date. The policy contained a provision that it would not become effective until the first annual premium had been paid and the policy delivered to the insured while in good health. The first premium was actually paid on May 29, 1919, and the policy was delivered on that date. All premiums were paid on the policy thereafter until the premium becoming due on May 15, 1932. It was not paid on that date or within the period of grace provided in the policy. The loan or cash value of the policy had been utilized by the insured, and admittedly there was no reserve existing on May 15, 1932. On that date, however, a dividend of $50.03 was due the insured. It had been the practice and custom to apply the annual dividends in reduction of premiums. The course of conduct between the parties, both before 1932 and thereafter, had been predicated upon the theory that the annual premium became due and payable on May 15th of each year. Admittedly, the policy was a Kansas contract. The laws of Kansas require notice from insurer upon premium default as a condition precedent to the forfeiture of the policy. Such notice must be given before the company can declare a forfeiture. In the case under consideration, plaintiff contends that the anni-

versary of the policy was May 29th, and that a notice given on June 24, 1932, was prematurely given. It was the contention that the grace period of thirty days should have expired before the company was entitled to give such notice.

After the default in the payment of premium due May 15, 1932, there was correspondence and negotiations between the parties. An effort was made to reinstate the policy and on these negotiations the premium due date was always considered as May 15, 1932.

Finally the insured submitted to a physical examination for reinstatement. In the meantime, the amount of his premium made up of the dividend above mentioned and a check in the amount of $187.17 was received and held by the company. A provisional receipt was given for such premium. After the defendant declined to reinstate the insured, an effort was made to refund said premium. The defendant delivered to him checks for the amount. The insured held the checks at the time of his death, which occurred on May 17, 1933.

█ Only two points are made upon the record:

(a) Was the anniversary date of the policy May 29th, in accordance with the date when the first premium was received and the policy delivered, or was it May 15th, as stipulated in the policy?

(b) Was there a waiver by the defendant in the acceptance and retention of the premium for the year beginning May 15, 1932?

1. On the first question, the construction of an insurance contract being a matter of general law, the federal courts universally hold that the policy must be construed as having the anniversary date stipulated in the policy.

It was so held in New York Life Insurance Co. v. Silverstein, 53 F.(2d) 986, loc. cit. 989, Eighth Circuit Court of Appeals. The court said:

"The policy definitely provides that the premiums following the first shall be due on definite dates, or at the expiration of definite periods. These contract provisions must control."

The Tenth Circuit Court of Appeals announced the same rule in New York Life Insurance Co. v. Tolbert, 55 F.(2d) 10, loc. cit. 12.

A like ruling was made in the more recent case of Minnesota Life Ins. Co. v. Cost (C. C. A.) 72 F.(2d) 519. Under these authorities, the plaintiff cannot question the sufficiency of the notice given by the company, which bears date June 24, 1932. It was a sufficient compliance with the statutory law of Kansas (Rev. St. Kan. Supp. 1933, 40—410, 40—411).

█ 2. The next question is whether or not, by the acceptance of a premium for the reinstatement of the policy, the defendant waived its right to declare the policy forfeited.

When the premium was received, the defendant issued a provisional receipt, which clearly defined the status of the money thus held, and specifically provided that it should not work a waiver of any of the rights of the defendant. The insured understood the terms upon which the premium was received and was being held, and undertook to comply literally therewith. He submitted himself to a physical examination for the sole purpose of ascertaining his fitness for insurance and the reinstatement of the policy. Reinstatement was denied, and the checks were returned to him. It is true that there was some irregularity in drawing one of the checks. This irregularity was not observed by defendant and could have been corrected. It did not deprive the insured of any rights, and because of the error a waiver would not be worked. A waiver is an intentional relinquishment of a known right.

Upon the record and all of the authorities, the judgment in this case should be for the defendant.

**It is so ordered.**