**NEW YORK LIFE INSURANCE COM-PANY, a New York corporation, Appellant,**

v.

**Hannah G. McCONCHIE, Appellee.**

No. 13557.

United States Court of Appeals Sixth Circuit.

Feb. 27, 1959.

Fred J. Schumann, Detroit, Mich., Royce Baum, Jr., Armstrong, Helm, Marshall & Schumann, Detroit, Mich., on brief for appellant.

Hugh K. Davidson and Joseph A. Lang, Detroit, Mich., for appellee.

Before ALLEN, Chief Judge, MILLER, Circuit Judge, and WEICK, District Judge.

WEICK, District Judge.

This was an action for reformation of, and recovery upon, a policy of life insurance. Plaintiff-Appellee was the widow of the insured and the beneficiary of the policy.

The action was tried to the District Judge who reformed the policy and rendered judgment against the insurance company in the amount of $19,449.13 which was the full amount due and owing thereon.

The pertinent facts are that the insured, Guy K. McConchie, on December 10, 1954, signed a written application for the policy which stated therein that the policy should take effect on December 28, 1954, subject to certain exceptions which will be later set forth.

McConchie, on or about December 20, 1954, submitted to a physical examination by one of the physicians for the insurance company. The company caused an investigation to be made of him by its inspection division which at first refused to approve the risk, but later did approve it. The investigation was not

completed until the latter part of January, 1955.

The insurance company then prepared the policy dating it December 28, 1954 in accordance with the application provisions. The date of issue was stated therein as December 31, 1954. The policy provided for the payment of a premium of $40.15 payable as of December 28, 1954 and every three months thereafter until the insured reached the age of 85. The policy also provided for a 31 day grace period for the payment of premiums.

The Company forwarded the policy to its agent who delivered it to McConchie on February 6, 1955. McConchie gave the agent his check postdated February 11, 1955 as payment for the first premium. The agent paid the Company out of his own funds on February 7, 1955 and later cashed McConchie's check.

The second quarterly premium was paid by a check dated April 25, 1955 which was received at the Company's home office May 2, 1955. No additional premiums were paid.

McConchie died on August 7, 1955 as a result of injuries sustained in an automobile accident.

The insurer resisted payment of the policy benefits on the ground that the policy had lapsed on July 29, 1955. This claim of lapse was based on the date of December 28 as that from which the payment of premiums was to be figured. In that event, the first premium payment had bought insurance coverage to March 28, 1955, the second premium payment to June 28, 1955 and the grace period had extended the coverage only to July 29, 1955. Therefore, the policy was not in effect on the date of Guy McConchie's death.

The beneficiary claimed that the policy provisions should not control as to its date or as to the dates provided therein for the payment of the quarterly premiums because the policy had not actually gone into force until February 7, 1955; that under the provisions of the application for insurance the insurer had no right to date the policy December 28, 1954; that the policy should have been dated on the date it went into force, namely, February 7, 1955 and should have provided for the payment of the premium on said date and every three months thereafter; that there was a mutual mistake by both parties to the contract in failing to have the policy drawn in that manner.

The District Judge found that there was a mutual mistake and ordered the policy reformed in accordance with this contention so that the policy date would be the date when the policy went into force, namely, February 7, 1955 and provided for the premium payments to be made each three months thereafter. Under the policy as reformed, it was in full force and effect upon McConchie's death.

The determination of this issue revolves about the operation of two clauses in the insurance application, relating to the effective date.

Item 17 of the application was filled in as follows:

Write Policy to Take Effect

"(a) as of last date of parts I and II of this application

"(b) as of date policy is written

"(c) as of *Dec. 28, 1954* (written in)"

At the conclusion of the application it is stated:

"It is Mutually Agreed That:

"(1) If the Company is satisfied from evidence received by it that, at the time of completion of the application, the Proposed insured (and the Applicant for the Child's Protection Benefit, if any) was acceptable under the Company's rules for the policy applied for, either as a standard risk or as an extra risk solely because of occupation or aviation activities, and if the soliciting agent has received in cash, as indicated in Item 23 above,

"(a) an amount which equals the full first premium for the policy ap-

plied for, the policy shall be deemed to be in effect as from the date specified in Item 17 above as if it had been delivered, or

"(b) an amount which, although less than full first premium for the policy applied for, is $10 or more and equals at least a monthly premium for said policy, the Company will be bound as though the policy were in effect, as from the date specified in Item 17 above, for (I) a period ending 60 days after the time of completion of the application or (II) a period equal to such proportionate part of the first premium interval as the cash so paid bears to the full first premium for the policy, whichever period would end later, subject to payment of the unpaid balance of premium if any claim for policy benefits arises. The balance of the full first premium can be paid before the end of said 60 day period, regardless of any change in insurability, and upon being so paid the policy will be deemed to be in effect as under clause (a) above and coverage under this clause (b) will automatically terminate.

"(2) Except as provided under (1) above, the policy applied for shall not go into force unless and until it is delivered to the Applicant and the first premium for it is paid in full during the lifetime of the Proposed insured (and the Applicant for the Child's Protection Benefit, if any) and then only if the answers made in the application represent, without material change, true and complete answers to the same questions if asked at time of delivery, and thereupon the policy shall be deemed to have taken effect as stated therein."

Paragraph Number (2) of the application above quoted would seem to apply to the case at bar. In accordance therewith it is plain that the policy in question did not go into force until February 7, 1955 (date of delivery and payment of first quarterly premium).

The application (2) reads "and thereupon the policy shall be deemed to have taken effect as stated therein."

The policy provided on its face:

"Policy years, months and anniversaries will be determined from the policy date stated above, and this policy will be deemed to have taken effect as of that date."

The policy date stated therein was December 28, 1954.

The parties had the right, even in the absence of a provision in the application, to agree on the effective date of the policy. Metropolitan Life Ins. Co. v. Jankowski, 285 Mich. 291, 280 N.W. 766, and cases therein cited.

In the case at bar the policy was delivered to the insured on February 7, 1955. He made no objection to its provisions then or at any time during the six months it was in his possession before his death. He paid two premiums in accordance therewith.

He received notice of the third quarterly premium prior to the due date thereof. The beneficiary made request of the agent on June 29, 1955 for additional time to pay the premium then due and was informed about the grace period.

The mistake found by the District Judge, as a basis for the reformation, was that the insured did not know that the insurance was not in force during the period from December 28, 1954 to February 7, 1955. He had paid a premium for life insurance protection during this period.

Granted that this was correct, the Court would not be justified in making a contract for the parties different from what they intended.

It was uncontroverted that McConchie was advised by the insurance agent on December 10, 1954 that the policy would be effective December 28, 1954. This date was written in the application. The agent testified that he advised him again to the same effect on February 6, 1955.

No claim is made here that the insurance agent ever advised McConchie

that his policy would be dated any differently than it was. The policy date plainly appears on the face of the policy.

Thus, if McConchie made any mistake, it was in believing that he had life insurance protection between the dates of December 28, 1954 and February 7, 1955 when in fact he had no such protection.

There is no evidence that he was mistaken as to the effective date of the policy and the dates upon which his premium payments were due.

The Supreme Court of Michigan held in three cases, namely, Jewett v. Northwestern National Life-Insurance Company, 149 Mich. 79, 112 N.W. 734; Weller v. Manufacturer's Life Ins. Co., 256 Mich. 532, 240 N.W. 34, and Metropolitan Life Ins. Co. v. Jankowski, supra, that the policy provisions as to policy date and payment of premiums controlled over the date when the policy actually became operative. These cases are important because the contract was made in Michigan.

Our case is very similar to McConnell v. Provident Savings Life Assur. Soc. of New York, 6 Cir., 1899, 92 F. 769, 772, where Judge Taft, in an action to reform the policy, said:

"The contract in this case was made up of the application and the policy. Of the application, part is dated the 27th of April and part the 29th of April. The policy is dated the 27th of April. There is nothing on the face of the application to show when the applicant desired the policy to be dated. We only know that the insurance company did date the policy upon the 27th of April, fixing the subsequent times of payment with reference to that; and we know the insured received the policy without objection, and received notice to pay subsequent payments without objection. There is, therefore, not the slightest evidence to show that the dates of the policy for payment were in any respect different from that which the parties intended them to be. That being true, there is no ground for a reformation of the contract."

See also Travelers Ins. Co. v. Wolfe, 6 Cir., 1935, 78 F.2d 78 certiorari denied 296 U.S. 635, 56 S.Ct. 158, 80 L.Ed. 452; Mougey v. The Union Central Life Ins. Co., 1931, 123 Ohio St. 595; New York Life Insurance Co. v. Tolbert, 10 Cir., 1932, 55 F.2d 10; Shira v. New York Life Insurance Co., 10 Cir., 1953, 90 F.2d 953.

The application and the evidence shows that the insured desired the policy to be dated December 28, 1954.

The case of Kansas City Life Insurance Co. v. Cox, 6 Cir., 1939, 104 F.2d 321, relied upon by appellee, while granting reformation, involved facts materially different from the facts of the case at bar. There the insurance company backdated a policy without the knowledge or consent of the insured. The application did not provide for a policy date as here. The agent in that case had also told the insured that the policy covered him for a period of one year from the date of delivery. No such factual situation exists in our case. The insured here fully understood that the policy was dated December 28, 1954 and no one ever told him differently.

The District Judge was obviously impressed, as we were at first, by the fact that the insured had paid for about six weeks life insurance protection which he did not get. There was no evidence that the agent told the insured he was not covered during this period and it is probable that he believed he was covered.

By the same token, if he believed he was insured from December 28, 1954 it necessarily must have been his understanding that the date of December 28, 1954 was controlling on premium payments. In the recent case of Wadsworth v. New York Life Insurance Co., 349 Mich. 240, 84 N.W.2d 513 the Michigan Supreme Court stated that where there is any conflict and ambiguity between application provisions it is the insured's understanding which controls. Thus,

even under the Wadsworth decision, December 28, 1954 is the date from which the premium payments were to be figured.

Insured received an earlier dating of his policy which would operate to his advantage with respect to the cash and loan values and the incontestability and suicide clauses. There was consideration for the contract.

Whatever rights the insured may have had with respect to rescission or cancellation of the policy, we need not determine. It is sufficient to say that there was no ground for the reformation of the policy.

It follows that the District Court erred in reforming the policy and in entering judgment for the appellee which is reversed and the cause remanded to that Court with instructions to dismiss the complaint.